THE STATE ex rel. MERCHANTS RESERVE LIFE
INSURANCE COMPANY v. CHARLES G.
REVELLE, Superintendent of Insurance.

In Banc, July 2, 1914.

1. INSURANCE: Deceptive Policies. An insurance policy which
in its main contractual part calls for a fixed and unchangeable
premium, and which in other parts, hid away in small type,
says that "if the premiums be insufficient to meet the require-
ments of the policy the company reserves the right to call for
the difference necessary to meet the requirements and to fix
the time for the payment thereof," is calculated to mislead
and to deceive persons who may purchase such policies; and
such a policy does not "show that the liabilities of members
are not limited to fixed or artificial premiums," as required by
Sec. 6955, R. S. 1909.

Held, by WOODSON, J., concurring, that the separation of a
clause in bold type on the front page of a policy calling
for a fixed premium, from another clause in obscured type
on the back thereof authorizing a variation in the amount
of premium, if not intended to deceive the average man
who desires assessment insurance, would have that effect,
and would in effect perpetrate a fraud upon the applicant,
either intentional or in law.

2. ———: ———: Foreign Company: License to Do Business.
The Superintendent of Insurance cannot be compelled to issue
to a foreign insurance company a license to do business in
this State on the assessment plan, whose policies are calculated
to deceive, in that in their main part they call for a fixed
premium, and in another they authorize the company to vary
the assessment according to the needs of the company.'

Mandamus.

Writ denied.

A. T. Dumm for relator.

(1) Mandamus is the proper remedy in this case.
State ex rel. v. Cook, 171 Mo. 348; State ex rel. v. Van-
diver, 213 Mo. 187; State ex rel. v. Vandiver, 222 Mo.
206. (2) The demurrer to the petition for the writ
(standing as and for the writ itself) admits all the
material facts alleged therein. Dodson v. Lomax, 113
Mo. 555; Goodson v. Goodson, 140 Mo. 206; Rodgers
v. Ins. Co., 186 Mo. 248; State ex rel. v. Reynolds, 121

Mo. App. 705. (3) Relator is an assessment insurance company, and the policy which it proposes to write in Missouri is a contract of insurance on the assessment plan, as such contract is defined by the laws of this State. Secs. 6950, 6955, R. S. 1909; Elliott v. Life Ins. Co., 163 Mo. 132; Hanford v. Ben. Assn., 122 Mo. 50; Westerman v. Supreme Lodge, 196 Mo. 715; Haydel v. Life Assn., 98 Fed. 200; Haydel v. Life Assn., 104 Fed. 718, 44 C. C. A. 169; Hayden v. Life Ins. Co., 136 Fed. 285; Crosby v. Mut. Reserve, 78 N. Y. Supp. 237; Smoot v. Life Assn., 138 Mo. App. 438; McCoy v. Life Assn., 134 Mo. App. 35.

*John T. Barker*, Attorney-General, and *W. T. Rutherford*, Assistant Attorney-General, for respondent.

(1) The character of an insurance company is determined by the policy it issues. Toomey v. Knights of Pythias, 147 Mo. 129; Jacobs v. Life Assn., 146 Mo. 523; Falkens v. Ins. Co., 98 Mo. App. 480. (2) Relator is not an assessment company, and the certificate filed with respondent is not a contract of insurance on the assessment plan, as defined by the laws of Missouri. Williams v. Insurance Co., 189 Mo. 80; Aloe v. Insurance Co., 164 Mo. 687.

BROWN, J.—Mandamus to compel the State Superintendent of Insurance to issue a license to relator to write life insurance in this State upon the assessment plan.

Relator, in appropriate averments, states that it is an insurance company incorporated in the State of Illinois, and authorized under the laws of that State to write life insurance upon the assessment plan. After alleging that it has complied with the requirements of section 6955, Revised Statutes 1909 (which section des-

ignates what a foreign life insurance company must do to entitle it to a license to transact business in this State on the assessment plan), relator avers that the respondent has refused to issue to it a license to do business in this State.

In his return respondent admits that the application of relator for license was made to him in due form. He, however, asserts that the relator is not entitled to the license demanded, for the reason that the policies or contracts of insurance which relator proposes to write and sell in Missouri are not in conformity with the provisions of said section 6955, in this: That said policies or contracts fail to ''show that the liabilities of the members (policy holders) are not limited to fixed or artificial premiums,'' as required by said section.

The alleged failure to recite in the policies which relator proposes to write the fact that the liabilities of the holders thereof *''are not limited to fixed or artificial premiums''* constitutes, under the law and pleadings, the sole issue for our consideration.

All that part of the proposed policies which appears above the signatures of the officers is on the first page thereof and in large plain letters about one-fourth of an inch in size, and reads as follows:

MERCHANTS RESERVE LIFE INSURANCE COMPANY

Incorporated Under the Laws of the State of Illinois

No. ——————                                      $2000.

Hereby Insures the Life of —— of —— State of —— and agrees to pay Two Thousand Dollars immediately to —— if living, otherwise to the insured's executors, administrators or assigns in the manner herein provided, at the Home Office of this Company, in the City of Chicago, Illinois, upon the presentation of this policy and the receipt and acceptance of satisfactory proofs of death of the insured. This contract for Insurance is made in consideration of the application therefor which is hereby made a part of this contract. And in further consideration of the sum of —— Dollars premium as agreed between the parties hereto and according to the rates specified

herein, being the premium for Insurance for the period terminating on the — day of —— 19—, and in further consideration of the Payment on said last-named date to this Company at its designated depository as the premium for Whole Life Insurance of the sum of —— Dollars and a like sum quarterly thereafter, which shall be due on the first days of January, April, July and October of each year during the continuance of this policy.

This policy is issued and accepted subject to the benefits, stipulations and conditions, as set forth on the following pages which form a part of this contract as fully as if they were recited at length over the signatures hereto affixed.

In Witness Whereof (the usual attesting clause).

Relator attaches to its application seven copies of the policies which it proposes to write and sell in Missouri, and seems to concede that there is nothing on the front page of its proposed policies which would indicate that the premiums to be paid thereunder are not fixed and unchangeable, and for that reason in contravention of the provisions of section 6955, Revised Statutes 1909, hereinbefore noted.

Relator, however, insists that while the front page of its policies may indicate that the premiums to become due thereunder are fixed and agreed upon, yet the application of the insured and the stipulations and conditions printed on the back or outside of said proposed policies clearly show that the relator reserves the right to call for additional payments in case the premiums specified on the front page of such policies are insufficient to meet the requirements of said policies.

In relator's brief it is asserted that in the seventh paragraph, under the caption, "Benefits, Stipulations and Conditions," on the back of relator's proposed policies, the following condition is found:

"Should the premium be insufficient to meet the requirements of this policy, the company reserves the right, in compliance with the law of its incorporation, to call for the difference necessary to meet the re-

quirements and to fix the time for the payment thereof.''

We have carefully examined all that is printed or written on the proposed policies under the caption, ''Benefits, Stipulations and Conditions,'' and find that the above-quoted condition only appears on one of said proposed policies under that caption. However, in six of said proposed policies, in the eleventh paragraph, printed under said caption, the following is found:

''Stipulated Premium. Each policy holder shall pay quarterly fixed sums, graduated according to his age at entrance.''

The above paragraph, instead of showing that the premiums are not fixed and definite, tends to show exactly the opposite, i. e., that the premiums are fixed ''according to the age at entrance'' which recital, of course, announces the same rule under which contracts of insurance are written in the old line companies.

We have, however, found that the quoted condition which relator cites, is inserted in the printed applications to six of said proposed policies. In said six policies this condition is printed near the middle of a paragraph of the applications, just preceding the line on which the insured is supposed to sign his name.

This condition upon which relator relies as tending to prove that it is doing business on the assessment plan is literally buried in a paragraph printed in type so small that 380 words are inserted in a space seven-eighths of an inch wide and nine and three-quarters inches long. If the purpose of the relator was to place this condition so that it would be overlooked by persons signing the applications and purchasing the policies, then its efforts in that behalf would undoubtedly be a success. On one of the blank policies attached to relator's application for license, the beforementioned condition as to the contingent premiums is not inserted in the application, but is found under the

caption, "Benefits, Stipulations and Conditions" (on the back of said proposed policy). The face of said last-mentioned policy, however, is the same as the one hereinbefore set out in full.

## OPINION.

I. Relator relies chiefly upon the case of Westerman v. Supreme Lodge, 196 Mo. 670, l. c. 670, l. c. 715, and the numerous authorities referred to in that opinion, where the rule is announced that a stipulation for premiums to become due upon the happening of certain contingencies that may arise in the future will serve to define the status of the company as one doing business under the assessment plan, notwithstanding that in such policy is also found a provision which calls for fixed premiums.

**Insurance: Deceptive Policies.**

Respondent relies, in a large measure, upon the rule announced by Division One of this court in the case of Williams v. Insurance Co., 189 Mo. 70.

We have not overlooked the case of Westerman v. Supreme Lodge, supra, but the facts in that case are not the same as in the case at bar. After carefully considering the forms of policies which relator proposes to issue and sell, if licensed to transact business in Missouri, we are convinced that the face of such proposed policies, particularly that part thereof printed above the signatures of the officers of the company, is so framed as to mislead and deceive persons who might purchase such policies.

The proposed policies all recite that the stipulated premiums noted on the first page thereof in large letters have been agreed upon by the parties according to the rates specified therein as the consideration for the insurance designated. By this language the fact that other premiums may be demanded is so obscured as to lead most anyone to believe that no other pre-

mium can be demanded, and that the payment of the amount named on the front page of said policies is all the obligation which the purchaser assumes. We do not think that such language in a policy is a compliance with section 6955, supra.

The law does not contemplate that obligations to pay several premiums, some of them fixed and others contingent, may be scattered promiscuously and *disconnectedly* over all parts of a policy, so that, perchance, the purchaser may overlook some of them and thereby obligate himself to pay more than he intends to pay.

In order that a policyholder may not be deceived, if there is (as in these proposed policies) a definite premium named on the front page, the very paragraph or proviso which designates such stated premium should, *in plain words,* refer to the fact that under other provisions of the policy additional premiums may be called for and collected. When this is not done the policy fails to show that the premiums are not limited as required by section 6955, supra.

Instead of being so framed as to promote honesty and open fair dealing between the insured and the insurer, all the proposed policies attached to relator's petition are so framed as to deceive the insured. We, therefore, hold that the respondent was fully justified in, and, in fact, should be commended for, refusing to grant the license which relator seeks to obtain. The alternative writ of mandamus heretofore issued will therefore be quashed, and the absolute writ demanded will be denied. It is so ordered. All concur, *Woodson, J.,* in separate opinion.

## CONCURRING OPINION.

WOODSON, J.—I fully concur in the opinion of my learned associate for the reasons stated by him; but also for the reason, that in my opinion the separation of the fixed premiums stated in the face of the

policy from the conditional or additional premium mentioned on the back thereof if not intended to deceive, would have that effect upon the average policy-holder in this class of insurance. As a rule such holders are not financially able to take an old-line insurance policy, nor are they able to employ counsel to examine and construe the various disconnected provisions referred to, and to so harmonize them as to intelligently inform the holder what his contract requires him to pay.

Why this separation of the two premiums relating to the same duty and obligation? If they are germane and relate to the same identical subject-matter, they should be stated together and not separated as this policy shows will be done if the company should be authorized to do business in this State. Of course, if the insured had sufficient legal and business capacity to read and understand this entire policy then no harm would be done; but as a rule they are deficient in those matters or never have the time or opportunity to investigate the policy in full, consequently, all such who only read the large type in the front of the policy, which is easily read and understood, never see or understand the small print on the back thereof. This is clearly a perpetration of a fraud upon the applicant, either intentional or in law, no difference which in effect, and neither should be tolerated by a great State organized and existing to protect the life of her citizens and to secure unto them the rights of liberty and property, which includes the right to contract upon equal footings.