STATE OF MISSOURI at the relation of the SECURITY BENEFIT ASSO-CIATION, Relator, v. HOPKINS B. SHAIN, ROBERT M. REYNOLDS and EWING C. BLAND, Judges of the Kansas City Court of Appeals.—114 S. W. (2d) 965.

Division One, April 1, 1938.

*William C. Michaels, Roy P. Swanson, Kenneth E. Midgley* and *William E. Stringfellow* for relator; *A. W. Fulton, Michaels, Blackmar, Newkirk, Eager & Swanson* and *Stringfellow & Garvey* of counsel.

*John B. Frederick* and *Elliott & Crouse* for respondents.

HYDE, C.—This is a proceeding in certiorari seeking to quash the opinion of the Kansas City Court of Appeals in Wilhelm v. The Security Benefit Association, 104 S. W. (2d) 1042, which was a suit upon an insurance certificate issued by relator to Arthur F. Geiler.

The answer stated that defendant (relator) was a Kansas fraternal benefit society duly licensed in Missouri. Its defenses were that Geiler committed suicide, and that plaintiff was not entitled to recover as a beneficiary because not related to or dependent up-

on him as required by Section 5995, Revised Statutes 1929. The Court of Appeals found that "in the application Geiler said that plaintiff was related to him 'as dependent;' " but that "plaintiff testified in effect that she was not at any time dependent on Geiler and that Geiler was dependent on her." However, the Court of Appeals did not consider these defenses because it concluded "that the contract issued to Geiler subjects the association to the general insurance laws of Missouri as to that particular certificate."

The court said: "Even though defendant company may be duly licensed as a 'fraternal' in another state, and may have been admitted to do business as such in Missouri, yet it must come strictly under the law of Missouri governing fraternal insurance associations and make its contracts under the law. . . . The policy in the instant case does not meet statutory requirements of our fraternal beneficiary law. Section 6005, R. S. Mo. 1929, provides that before a foreign fraternal can be licensed in Missouri it must file a 'copy of its contract, which must show that benefits are provided for by periodical or other payments by persons holding similar contracts.' Since the contract *filed* must be in that form, it follows that the contract *issued* by the company must conform to what is filed. Any other holding, in the face of Section 6005, would permit and encourage such companies, after securing a license, to sell any and all kinds of contracts without regard to their terms or character. The State would have no control of the company once it had secured its license. The policy here sued on provides for payment of the benefit therein mentioned from collection of $1.30 per month from the policy holder and nothing is said of any similar payment by any other policy holders. The policy does not conform to the law regulating fraternal beneficiary companies and defendant's measure of liability is that of an old line company."

The certificate sued on is before this court, because referred to in the opinion. [State ex rel. Fidelity & Deposit Co. v. Allen (Mo.), 85 S. W. (2d) 455; State ex rel. Talbott v. Shain, 334 Mo. 617, 66 S. W. (2d) 826, and cases cited.] Material parts thereof are, as follows:

"This certificate, issued by The Security Benefit Association, a Fraternal Beneficiary Society, of Topeka, Kansas, organized under the laws of the State of Kansas, Witnesseth, that Arthur F. Geiler, a member of Olive Council No. 300, located at St. Joseph, State of Mo., is entitled to the privileges and benefits of the Association, *subject to the obligations and responsibilities provided for in the Constitution and Laws of the Society.*

"In consideration of the statements, answers and agreements in the application of the member, which by this contract are made warranties, and in further consideration of the first monthly contri-

bution of $1.30 paid before or at the time of the delivery of this Certificate, and $1.30 to be paid each month thereafter to the Financier of the Local Council, *in accordance with the provisions of the Constitution and Laws of the Society.*

"I. The Security Benefit Association promises to pay a Death Benefit to Olive G. Wilhelm related to the said member as dependent, in the sum of One Thousand Dollars within ninety days after receipt of satisfactory proof of the death of said member while in good standing. . . .

"The Contract. This Certificate, *together with the Charter and the Constitution and Laws of the Society* and all amendments to each thereof, and the application for membership and medical examination signed by the member, which are made a part hereof, *shall constitute the agreement* between the member and the Society. Copies of the same certified by the National Society shall be received in evidence of the terms and conditions thereof, and *any changes, additions, or amendments to said Constitution and laws* duly made or enacted subsequently to the issues of this Certificate, shall bind the member and his beneficiary and *shall govern and control the agreement* in all respects the same as though such changes, additions or amendments had been made and were in force prior to the time of the application for membership, and all of which shall have the same force and effect as if incorporated in this Certificate." (Our italics.)

Relator contends that the Court of Appeals "ruled contra to controlling decisions of this court in holding that the certificate sued on was the 'contract,' and was an old line policy because in it 'nothing is said of any similar payment by any other policyholders,'" and "in ruling that the word 'contract' in Section 6005, R. S. Mo. 1929, part of the fraternal benefit society code, means only the certificate or 'policy.'" ■ Of course, there is nothing in our decisions contrary to the ruling of the Court of Appeals that a fraternal benefit association, regardless of when admitted to transact business in this State, must at all times continue to comply with the provisions of our fraternal insurance code in order to retain its license and to be entitled to the benefits and exemptions thereof; and that admission cannot create perpetual license. There could be no question about the soundness of that part of its opinion; but its view of what is required to be stated in the written document issued to its members by such a society in an entirely different matter. In State ex rel. National Council of Knights and Ladies of Security v. Allen, 306 Mo. 633, 269. S. W. 388, this court said: ■ "The fraternal beneficiary society law is a part of every certificate holder's contract, and by that law the society's constitution and by-laws, charter and

204

articles of association, and amendments thereof are part of *that contract*." Likewise, in Biggs v. Modern Woodmen, 336 Mo. 879, 82 S. W. (2d) 898, we said: "Fraternal benefit associations are essentially different in many respects from insurance companies. . . . They do not operate for profit, but accumulate a fund from contributions of members to be used in the aid or relief of members or their beneficiaries. . . . The *members are*, in effect *both insurers and insured*. The rights of the members or their beneficiaries to participate in the fund are not fixed by the terms of the certificate, as in the case of an ordinary life insurance policy, but depend also upon the constitution and by-laws of the association." This court necessarily so ruled in these cases because Section 5997, Revised Statutes 1929, states: "Every certificate issued by any such society shall specify the amount of benefit provided thereby, and shall provide that the certificate, the charter or articles of incorporation, or, if a voluntary association, the articles of association, the constitution and laws of the society, and the application for membership and medical examination, signed by the applicant, and all amendments to each thereof, shall constitute the agreement between the society and the member."

■ Clearly the construction of the term contract in our fraternal insurance code (Sec. 6005, or elsewhere) cannot mean only the certificate (or written document actually issued to the member) delivered to Geiler, and to so hold would conflict with our rulings construing the terms "contract" or "agreement" as used therein. Certainly, under our rulings as to what actually constitutes the contract, there is a distinction between what *"every certificate . . . shall Specify"* (as used in Sec. 5997), and what *"its contract . . . must show"* (as used in Sec. 6005); and our decisions have uniformly recognized such a distinction between these terms *"certificate"* and *"contract"* as used in our present fraternal insurance code.

Moreover, we said in State ex rel. National Council of Knights and Ladies of Security v. Allen, supra, no foreign fraternal benefit society can be admitted and licensed to do business in this State "unless it does make provision for 'stated periodical contributions sufficient to provide for meeting the mortuary obligations contracted.' . . . The stated payments are not fixed in character; if they fall short of affording the statutory security, they not only may but must be increased." Here the Court of Appeals did not consider whether the entire contract or agreement between relator and Geiler showed that such provisions were made as to him and as to other members. It held, in effect, that "even though defendant company may be duly licensed as a 'fraternal' in another state and may have been admitted to do business as such in Missouri" (when to obtain such admission and to retain its license it must show the Insurance

Commissioner that by its contract "benefits are provided for by periodical or other payments by persons holding similar contracts"), nevertheless, no provisions of our fraternal insurance code will apply to any *"certificate"* it issues which does not *"specify"* everything that its *"contract"* must *"show."* This ruling not only makes a construction of the term *"contract"* which is not in accord with our construction, but it is also out of harmony with our stated views as to the meaning and effect of the entire fraternal code. As said in the Allen case, it gives "undue weight" to mere form over the actual substance. We hold that this ruling does conflict with the rulings of this court construing the meaning and effect of the fraternal insurance code.

The decisions of this court cited by the Court of Appeals all concerned insurance contracts made before the adoption of our present fraternal insurance code. [Ordelheide v. Modern Brotherhood of America, 268 Mo. 339, 187 S. W. 1193; Aloe v. Fidelity Mutual Life Assn., 164 Mo. 675, 55 S. W. 993; Toomey v. Supreme Lodge K. of P., 147 Mo. 129, 48 S. W. 936.] The present code was adopted in 1911. [Laws 1911, p. 284.] The old code was entirely repealed at that time. It contained no such provisions as are set out in Section 5997, Revised Statutes 1929, concerning what a certificate shall specify. [See Secs. 7109-7127, R. S. 1909.] Decisions construing the meaning and effect of the present code upon insurance contracts of fraternal beneficiary associations made since 1911 are controlling over cases dealing with contracts entered into when the old code was in force. However, our decisions cited by the Court of Appeals (see also State ex rel. Supreme Lodge Knights of Pythias v. Vandiver, 213 Mo. 187, 111 S. W. 911) only prevented an association from claiming the benefit of the fraternal code "if the policy issued is not one authorized by the law;" and they held "that the character of the business done" in each case determined the construction of that particular contract. Surely under that rule, the character of each contract must be determined from the whole contract and not merely from a part of it. Certainly, that rule does not mean that a certificate, which complies with Section 5997 of the present code and shows on its face (as this one does) that the agreement between the society and the member is not all to be found in the certificate, must be or can be considered the contract of insurance or to show by itself what the contract is. Our decisions construing contracts made under our present fraternal code have established principles clearly contrary to any such view, namely, that the contract is not to be determined from the certificate only. [See, also, Allman v. Order of Commercial Travelers, 277 Mo. 678, 213 S. W. 429; State ex rel. Taylor v. Daues, 313 Mo. 200, 281 S. W. 398; Smith v. Travelers Protective Assn., 319 Mo. 1120, 6 S. W. (2d) 870.]

The case of State ex rel. Merchants Reserve Life Ins. Co. v. Revelle, 260 Mo. 112, 168 S. W. 697, cited in respondents' brief, does not construe either the old or the new fraternal insurance code.

It is ordered that the record and opinion of the Kansas City Court of Appeals, in the case of Olive G. Wilhelm v. The Security Benefit Association, be quashed. *Ferguson, C.,* absent; *Bradley, C.,* concurs.

PER CURIAM:—The foregoing opinion by HYDE, C., is adopted as the opinion of the court. All the judges concur, except *Hays, J.,* absent.