## TURNER et al. v. JOHNSON et al.

No. 10752—Opinion Filed May 30, 1922.

(Syllabus.)

**1. Quieting Title—Sufficiency of Plaintiffs' Title—Defective Deed Cured by Inheritance.**

In an action to quiet title, where plaintiffs claimed to be owners of the land by virtue of a deed from their father, who thereafter died, and plaintiffs also claimed to be the sole and only heirs of said deceased, and the record discloses the deed failed to properly describe the land, a judgment in favor of said plaintiffs quieting title to said land against a third party will not be reversed because of misdescription in the deed, as it is immaterial so long as the record in the case disclosed that. if the deed was invalid to convey title to the land, the title vested in plaintiffs by inheritance upon the death of their father.

**2. Same — Parties — Right of Heirs to Sue Alone.**

By virtue of section 6322, Rev. Laws 1910, the heirs or devisees may maintain an action to quiet title to real estate inherited by them against any one except the executor or administrator without the executor or administrator joining in said suit.

**3. Appeal and Error — Review—Sufficiency of Evidence—Defective Brief.**

Where a party contends there is no evidence in the record to support the judgment of the court, but fails to comply with rule 26 of this court (47 Okla. x) by abstracting the evidence of the case and the defendant in error sets out in his brief an abstract of the evidence sufficient to support the judgment, the judgment will be affirmed, without this court examining the entire record to see whether the judgment is clearly against the weight of the evidence.

Error from District Court, Okfuskee County; Geo. C. Crump, Judge.

Action by Cornelia Johnson and others against D. J. Turner and another to quiet title, etc. From the judgment, defendants bring error. Affirmed in part and reversed in part.

J. C. Wright and J. B. Patterson, for plaintiffs in error.

Martin L. Frerichs and E. Huser, for defendants in error.

McNEILL, J. This action was commenced in the district court of Okfuskee county by Cornelia Johnson, Ida Williamson, Lillie Kidd, Ella Simpson, and Annie Carr, for themselves, and Cornelia Johnson as trustee for the aforenamed persons and for Green Williamson. The petition alleged that J. H. Williamson was a resident of Okfuskee county and died November 22, 1913, leaving the plaintiffs as his sole heirs. That thereafter C. M. Brooks was appointed administrator of the estate. Plaintiffs further alleged that they were the owners and entitled to possession of certain land described in the petition since the death of J. H. Williamson. It is also alleged that prior to his death J. H. Williamson executed and delivered a deed to the land in question to Cornelia Johnson under the name of Cornelia Carr, and she took title in trust for her brother, Green Williamson, and the other plaintiffs, including herself, each owning an undivided one-sixth interest. It is also alleged that the defendant Turner is unlawfully in possession of the same.

The second cause of action prayed judgment against Turner for $1,410 for rents and profits. The third cause of action alleges the Echols Dry Goods Company obtained a judgment against J. H. Williamson and numerous other defendants for $1,573, and thereafter $500 had been paid on said judgment; that said judgment had never been properly revived after the death of Williamson, but execution was issued and levied upon the property, and the property sold and bid in by Turner. The petition then charges Turner with certain acts that amounted to fraud regarding the sale of the land, and asks that the sheriff's deed to Turner be can-

celed. The fourth cause of action alleges that J. H. Williamson was the owner of three lots in the town of Boley and had executed a deed to Cornelia Johnson, in the name of Cornelia Carr for the use and benefit of the plaintiffs, and alleges that Brooks is in possession of the lots and that Brooks and Turner claim some title or interest in the land, and asks for judgment for $480, and for rents and profits. The fifth cause of action alleges the title to the land is in the plaintiffs, and asks that the title be quieted and they recover possession.

To this petition the defendants answered. The defendant Turner alleged that he was the owner of the 60 acres of land by virtue of a certain judgment against J. H. Williamson, and the land was sold under execution and the sale confirmed by the court in him. The defendant also alleges that the deed from Williamson to the plaintiffs was without consideration and to defraud creditors. Brooks adopted Turner's answer, and filed a supplemental answer, alleging the estate had not been closed, and if the estate had any interest in the land, he was entitled to possession of the same as administrator. The case was tried to the court, and the court rendered judgment in favor of the plaintiffs and canceled the sheriff's deed to the 60 acres of land and quieted title in plaintiffs. In reference to the three lots in Boley, the court quieted the title in plaintiffs and against the defendants Turner and Brooks. The court also found that Turner was the owner of three judgments against J. H. Williamson. The court found that Turner had been in possession of the land in question, collected the rents and profits therefrom, and after deducting all rents and profits and taxes paid by Turner there was still due $800, and that was a valid lien on the premises. The court rendered judgment in favor of Brooks and against Turner for $500. From said judgment, the defendants have appealed.

For reversal the defendants first contend that the deed executed by Williamson to the plaintiffs did not properly describe the land and the description in the deed was different from the description of the land purchased by Turner at the sheriff's sale. Admitting the deed was of no force and effect and did not properly describe the land, or admitting the deed was made without consideration to defraud the creditors, this would be immaterial, because the petition alleges that the plaintiffs were the sole and only heirs of Williamson and inherited the land, and the evidence supports this contention, so it is immaterial whether the plaintiffs ac-

quired title to the land by deed or by inheritance.

It is next contended that the demurrer to the petition should have been sustained, for the reason the petition disclosed the estate had not been fully administered upon and the debts had not been paid and the county court had jurisdiction over the estate for the purpose of administration. Section 6322, Rev. Laws 1910, provides in part as follows:

"* * * The heirs or devisees may themselves, or jointly with the executor or administrator, maintain an action for the possession of the real estate, or for the purpose of quieting title to the same, against any one except the executor or administrator."

This section of the statute authorizes the heirs to maintain a suit to quiet title, with or without the executor or administrator being joined in said proceeding, and there was no error in overruling the demurrer.

The administrator was not claiming to be in possession of the lots in Boley as administrator, but was holding the land in his individual capacity, and in regard to the 60 acres of land, he was not in possession of the same, so the suit could be maintained by plaintiffs.

The plaintiffs in error next contend the court erred in satisfying the judgments against J. H. Williamson, which judgments are now owned by Turner, for the reason that portion of the judgment was not within the pleading. The judgments were introduced in evidence, being three in number, and it is admitted that Turner owned the same. The plaintiffs asked to have their title quieted; these judgments were liens on the land, and the court would have a right to quiet title, and in making an accounting took these judgments into consideration. The plaintiffs in error failed to set out the evidence in their brief or in what way they contend the evidence is insufficient to support the judgment. The defendants in error have abstracted a portion of the evidence in their brief, which tends to support the judgment of the court, so, under rule 26 of this court (47 Okla. x), this court will not examine the record to ascertain whether the judgment of the court is clearly against the weight of the evidence. The brief of plaintiffs in error points out no other error except the fact that the court should not have rendered judgment in favor of C. M. Brooks and against Turner. The attorneys appearing for Brooks also appeared for Turner, and Brooks makes no objection to having the judgment in his favor

set aside. There being no objection, that portion of the judgment will be set aside.

The death of Lillie Kidd having been suggested, this court, by proper order, revived the case against Ida Williamson, administratrix of the estate of Lillie Kidd, deceased, and against Cornelia Johnson, Ida Williams, Ella Simpson, Annie Carr, and Green Williamson, as heirs of Lillie Kidd, deceased.

For the reasons stated, the judgment is affirmed in so far as the plaintiffs are concerned, but the judgment in favor of C. M. Brooks against Turner will be reversed and set aside and held for naught.

KANE, JOHNSON, ELTING, and NICHOLSON, JJ., concur.