## VARNER et al. v. CLARK.

(Circuit Court of Appeals, Eighth Circuit. July 11, 1922.)

No. 5870.

1. Descent and distribution ⬦90(1)—There being no debts, sole heir entitled to sue to recover realty, without securing administration.

Under the statutes of Oklahoma and Oregon, where one is the only heir of his deceased father and mother, his father having died testate, devising all of his property to this party's mother and the latter having died intestate, there being no unpaid debts of either estate, though there had been no administration of either estate and his father's will had not been probated, he was entitled to maintain a suit to recover realty belonging to these estates.

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. **Appeal and error** ☞760(2)—**No review of amount of judgment, where no reference in printed argument to part of record containing evidence relied on.**

Where the record is voluminous, and C. C. A. Rule 24, par. 2 (188 Fed. xvi, 109 C. C. A. xvi), requiring a reference in the printed argument to that part of the record containing the evidence relied on, was not complied with, a contention for a reduction of the judgment will not be considered.

Appeal from the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

Suit by Russell H. Clark against Fred Varner and another. Decree for complainant, and defendants appeal. Affirmed.

Herman S. Davis, of Oklahoma City, Okl., and Frank Dale, of Guthrie, Okl. (A. G. C. Bierer, of Guthrie, Okl., and Providence Mounts, of Frederick, Okl., on the brief), for appellants.

J. T. Dickerson, of Edmond, Okl., William P. Richardson, of Portland, Or., J. T. Dickerson, Jr., of Hominy, Okl., and F. M. Saxton, of Portland, Or., for appellee.

Before SANBORN and STONE, Circuit Judges, and MUNGER, District Judge.

STONE, Circuit Judge. The appellee, Russell H. Clark, in an amended complaint, seeks to have appellants, E. M. Kimmel and Fred Varner, declared trustees as to the title to certain mineral, oil and gas interests in a tract of land in Tillman county, Okl. Upon declaration of such trust status, he asks a decree requiring conveyance to him, or adjudication in him, of title to all portions of such land not theretofore conveyed by appellants and for an accounting for proceeds received by them through any such conveyances. The basis of the complaint is fraudulent dealings by Kimmel, as an agent, and a participation in that fraud by Varner. Prior to the fraudulent acts, the land had belonged to the father of Clark who died testate bequeathing his entire estate to the wife, the mother of Clark. This will was never probated, and is claimed, by Clark, to be void for reasons not here involved. During the widowhood of Mrs. Clark, the fraud relied upon was perpetrated and a conveyance of the real estate secured from her. She died intestate, a resident of Oregon. The only child and heir of her and of her husband is the appellee. There has never been any administration of either estate and there are no unpaid debts of either.

The trial court declared the trust, found that title to certain of the real estate was held by appellants and that other portions had been conveyed for $15,000, which was received by appellants. The decree vested the title of the unconveyed portion in appellee and gave recovery for $15,000, with interest from July 7, 1919. This appeal is based upon three contentions: Incapacity of Clark to bring this action; insufficiency of the evidence to sustain fraud; and an excess in the amount of money recovery allowed.

The sufficiency of the evidence to sustain the finding of fraud, with the resulting trust therefrom, cannot be successfully challenged.

[1] The contention of lack of capacity to sue is based on the claim

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

that such right existed in the administrator or personal representative exclusively. The statutes of Oklahoma and of Oregon governing descent and distribution of real and personal property follow the general lines of such statutes elsewhere. They provide for the descent of real and personal property to the heirs, subject to administration of the estate. It is undisputed that the title passing to the heirs is subject to the prior and superior right of administration. It has been said that such title is "in suspense" until such administration has closed. But this rule of law does not mean that administration of an estate is, in all instances and under all circumstances, a prerequisite to the passing of legally enforceable rights and titles to the heirs. The purposes of the administration of the estates of deceased persons are to secure payment of debts due to or from the estate, and thereafter to distribute any residue to the persons entitled thereto. Where there are no such debts and no question as to the persons entitled to the estate, there exists no logical reason for imposing the burdens, delays, and expense of administration upon the estate, or upon the probating tribunals, unless a statute clearly requires such action. We have been cited to no such requirement in the statutes of Oklahoma or of Oregon.

Here, the allegations in the amended complaint and the clear proof were that appellee was the only child and heir of his father and his mother; that his father had died, leaving a will bequeathing his entire estate to the mother; that such will had never been probated; that the mother had subsequently died intestate; that there were no unpaid debts of either of these estates. There was thus alleged and proven that situation which would have made administration of either of such estates a vain and useless thing. Under these existing circumstances, the appellee was qualified to maintain this action. First National Bank v. Tevis, 29 Okl. 714, 119 Pac. 218; note and citations to 22 L. R. A. (N. S.) 457 and 458.

[2] It is contended that the allowed recovery of $15,000 should be reduced by $1,666.67. The evidence upon this point is discussed in the printed argument. It apparently deals with the testimony of four witnesses, Kimmel, Varner, Maple and Goehler. This testimony covers many pages of printed record. Appellants evidently consider this point of little importance as the printed argument contains no reference to the printed record, so that the court can readily find the evidence relied upon. Paragraph 2 of rule 24 of this court (188 Fed. xvi, 109 C. C. A. xvi) requires such reference. We shall, therefore, disregard this claim of error.

The decree should be and is affirmed.