## MIRES v. HOGAN.

No. 12665—Opinion Filed Jan. 29, 1924.

**1. Appeal and Error—Defective Brief—Dismissal or Affirmance.**

Where the brief of plaintiff in error fails to set forth specifications of error, and does not contain the instructions given or refused, complained of, and no abstract statement of the facts and such other matters as required by rule 26 (87 Okla. xxiii), as are necessary to a full understanding of the questions presented to this court for examination, so that no examination of the record itself need be made by the court, the appeal may be dismissed or the case affirmed.

**2. Same —Briefs—Argument and Citation of Authority.**

This court will not examine the record in search of prejudicial errors which are not clearly pointed out and insisted on in the brief of the complaining party, and it is not enough to assert in general terms that the ruling of the trial court is wrong, for on this the point will not be considered as having been made; but counsel should support the same with argument and citation of authority where possible.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error From District Court, Kingfisher County; J. C. Robberts, Judge.

Action by S. W. Hogan against Ervin M. Mires. Judgment for plaintiff, and defendant appeals. Affirmed.

Frank T. Gee, for plaintiff in error.

Boynton & Reilly, for defendant in error.

Opinion by JONES, C. This suit was instituted in the district court of Kingfisher county, Okla., March 22, 1917, by the defendant in error, S. W. Hogan, against plaintiff in error, Ervin M. Mires, and the First National Bank of Cashion, Okla., for the recovery of the sum of $2,000, as evidenced by a certain promissory note,

interest, and attorney's fee. The note and mortgage sued on was executed in December, 1909, due and payable three years from date.

Plaintiff in error, defendant below, filed his answer and cross-petition in which he charges that the note and mortgage constituted a usurious contract, and avers that he has paid interest on said note, in the sum of $1.106, and that he is entitled to recover from the plaintiff a sum in double the amount, to wit, $2,212, for which amount he prays judgment. And contends that he is entitled to a money judgment in his favor for that amount.

The matter was tried to a jury, who rendered a verdict in favor of the plaintiff, Hogan, for the sum of $2,000, and on April 19, 1921, the court rendered judgment based on said verdict, and also rendered judgment for an attorney's fee of $200, and costs, from which judgment of the court the plaintiff in error appeals. The defendant in error in his brief first moves that the judgment of the lower court be affirmed for the reason and on the grounds that the plaintiff in error has failed to file in this court a brief in accordance with the rules of this court, and sets forth the following defects:

"The so-called brief is faulty, insufficient, and fatally inadequate in the following particulars:

"(a) It does not contain an abstract of the record from which the court can ascertain wherein alleged error occurred, and demonstrating the same.

"(b) It contains no reference to the page of the record where are to be found the pleadings and evidence setting forth the issues, and the proof or disproof of the alleged facts entitling the plaintiff in error to a different result of the action.

"(c) It contains no assignment of errors complained of.

"(d) It does not take up in order, and argue and demonstrate any error in such proceedings.

"(e) No citations of authorities supporting the claims of the plaintiff in error are contained in the brief.

"(f) It does not set forth in totidem verbis any instruction, the giving of which is regarded by plaintiff in error as erroneous.

"(g) That such brief does not present argument in any order whatever in conformity with the rules of the court, nor set forth as required by such rules the evidence claimed to support the claims of plaintiff in error, so as to be the basis of requiring the defendant in error to set forth a counter abstract correcting any omissions or inaccuracies."

An examination of the brief of plaintiff in error discloses that the contentions made by defendant in error are substantially correct in every particular. No specifications of error are set forth, none of the evidence is recited, save and except the note sued upon, and the brief does not disclose whether or not the note was offered in evidence, and no authorities are cited in support of this contention. He later filed a reply brief, and while he refers to the contention made by the defendant in error relative to the affirmative brief filed, there is no specification of error found and no abstract of evidence relied upon set forth, and while there is an argument presented, and some authorities cited as to certain instructions given by the court in the trial of the case, the brief does not disclose that any exceptions were taken to the instructions complained of, given by the court, and from an examination of the case-made, we find that in fact no exceptions were taken to the instructions complained of. Certain requested instructions were offered by the plaintiff in error and we assume were refused, but none of them nor any portion of the same are set forth in the brief as required by rule 26 of this court of July, 1923, found in 87 Okla. page xxiii.

In the case of Chestnut & Smith et al. v. Lynch et al., 84 Okla. 199, 202 Pac. 1018, paragraph three of the syllabus of the opinion held:

"A plausible, but not convincing, argument in the brief, unsupported by citation of an authority, is not sufficient to overcome the presumption indulged by the Supreme Court in favor of the correctness of the judgment of the trial court."

And in the case of Roof et al. v. Franks, 26 Okla. 392, 110 Pac. 1098:

"Where the brief of plaintiffs in error fails to contain an abstract statement of the facts, and such other matters required by rule 25 (20 Okla. —, 95 Pac. —) 'as are necessary to a full understanding of the questions presented to this court for examination, so that no examination of the record itself need be made by this court,' and fails to set forth the full substance of the testimony admitted over objections, and the objection thereto, and fails to set out in whole or in part totidem verbis the instructions given, and refused and relied on as error, the appeal may be dismissed."

And in the case of Ferguson et al v. Union Nat. Bank of Columbus, Ohio, 23 Okla. 37, 99 Pac. 641:

"This court will not examine the record in search of prejudicial errors which are not clearly pointed out and insisted on, in the brief of the complaining party, and it is not enough to assert in general terms that the ruling of the trial court is wrong, for on this, the point will not be considered as having been made; but counsel should support the same with argument and citation of authority where possible."

And in the case of Turner et al. v. Johnson et al., 86 Okla. 196, 207 Pac. 555, the court lays down the following rule:

"Where a party contends there is no evidence in the record to support the judgment of the court, but fails to comply with rule 26 of this court by abstracting the evidence of the case, and the defendant in error sets out in his brief an abstract of the evidence sufficient to support the judgment, the judgment will be affirmed, without this court examining the entire record to see whether the judgment is clearly against the weight of the evidence."

Under the rule of the Supreme Court and the authorities cited, we think the motion made by the defendant in error is well taken, and in keeping with the last authorities cited in Turner-Johnson Case, we think that the defendant in error is entitled to his prayer asking that the case be affirmed, and we so recommend.

By the Court: It is so ordered.