DeVORE-NORTON v. BROTHERHOOD of
LOCOMOTIVE FIREMEN and
ENGINEMEN.

No. 18446. Opinion Filed July 10, 1928.

Rehearing Denied Sept. 11, 1928.

(Syllabus.)

1. Insurance—Life Policy of Foreign Corporation—Provision for no Liability Arising from Disappearance of Insured and Presumption of Death—Provision Enforceable if Valid in State Where Contract Made.

An insurance contract of a foreign corporation which provides that a liability arising from the disappearance of a member or the presumption of the death of a member arising from any such disappearance shall not be incurred by the insurer and that it shall only be liable for the payment of a death claim when there is positive proof of the death of a beneficiary member, will be enforced in this state when the contract emanates from a state wherein the rule of law exists that such provision is valid.

2. Same—Proof of Death by Circumstantial Evidence not Excluded by Provision.

A provision in a mutual beneficiary life insurance contract that a liability arising from the disappearance of a member or the presumption of the death of a member arising from any such disappearance shall not be incurred by the insurer and liability shall only attach for the payment of a death claim where there is positive proof of the death of a beneficiary member, does not exclude proof of death by circumstantial evidence.

3. Same—Action on Beneficiary Certificate —Judgment for Defendant on Pleadings Improper Where Petition Alleged Death of Insured.

In an action to recover on a beneficiary insurance contract, the petition alleged that the insured died on September 10, 1917, and was a member of the defendant organization and in good standing at the time of his death. With this allegation in the petition, the trial court committed error when it sustained defendant's motion for judgment on the pleadings.

Error from District Court, Payne County; Charles C. Smith, Judge.

Action by Maude Devore-Norton against the Brotherhood of Locomotive Firemen and Enginemen. Judgment for defendant, and plaintiff appeals. Reversed and remanded with directions.

Wilcox & Swank, for plaintiff in error.

Randolph, Haver, Shirk & Bridges, for defendant in error.

HEFNER, J. This action was begun in the district court of Payne county on the 20th day of August, 1926, by the plaintiff in error, Maude DeVore-Norton, hereinafter called plaintiff, against the defendant in error, Brotherhood of Locomotive Firemen and Enginemen, a fraternal beneficiary society, hereinafter called defendant.

The action sought to collect $1,500 alleged to be due on a beneficiary certificate issued by the defendant on the 22nd day of September, 1913, to Herbert J. DeVore, and payable upon his death to the plaintiff. In her petition, among other things, she alleged that on or about the 10th day of September, 1917, Herbert J. DeVore left his home in the city of Cushing, Okla., at which place said Herbert J. DeVore and his wife, the beneficiary in said certificate and the plaintiff herein, were residing for the purpose— as he announced to his family—of going on a fishing trip; that thereafter and on the next day, said Herbert J. DeVore not having returned to his home, a search was instituted by the plaintiff herein, and the authorities of the city of Cushing were notified and requested to participate in the search for the said Herbert J. DeVore, and as a result of the search the personal effects of the said Herbert J. DeVore were found on the bank of the Cimarron river near the city of Cushing, and that, accordingly, the river was dragged in both directions from where said personal effects were found, but without effect, and the body of the said Herbert J. DeVore was not recovered.

The defendant admitted the issuance of the certificate, but denied the other material allegations of the petition and pleaded that the action was barred because the suit was not commenced within a certain period of time from the final rejection of the claim. The defendant further pleaded that the express terms of the certificate made the constitution of the defendant a part of the insurance contract, and that one of its provisions was as follows:

"A liability arising from the disappearance of a member or presumption of the death of a member arising from any such disappearance, shall not be incurred by the Brotherhood. The Brotherhood shall only be liable for the payment of a death claim when there is positive proof of the death of a beneficiary member."

The plaintiff filed a reply to defendant's

answer wherein, among other things, she alleged:

"Plaintiff further alleges that the defendant has at all times denied liability to this plaintiff in the sense that it has refused to pay the amount of said certificate, but alleges that on the 3rd day of August, 1925, the defendant, through its duly authorized agent, one A. H. Hawley, general secretary and treasurer, admitted liability in writing by a letter of that date captioned at Cleveland, Ohio, addressed to Hunt, Baldwin & Putt, Concordia, Kansas, attorneys for the plaintiff, wherein it was stipulated 'if the death of Mr. DeVore can be definitely established at any time between his disappearance in 1917 and the date of his expulsion April 2, 1920, we will be glad to acknowledge liability on his certificate; but if his death cannot be established prior to April 2, 1920, at the time of his expulsion, we cannot acknowledge any liability whatever on account of his membership in our organization.' A copy of said letter is hereto attached, marked 'exhibit A' and made a part of this reply."

The letter attached as "exhibit A" is as follows:

"August 3. 1925.

"I have your letter of July 30th in connection with the above matter, and upon examination of our files I find that in October, 1919, we received a communication from the secretary of our lodge calling our attention to the disappearance of Herbert J. DeVore and in answering this communication we referred him to the provisions of our constitution wherein we do not pay for the disappearance of a member, but require positive proof of death.

"In this communication he referred to the matter of Mrs. DeVore paying the assessments of her husband to the conclusion of the seven-year period, but she did not want to do this unless she could be guaranteed that at the expiration of seven years she would be entitled to receive the amount of the certificate. I find from our records Mr. DeVore was expelled from the organization April 2, 1920, and therefore he has not been a member of the organization since that time. I find that in July, 1923, we had some correspondence with Braucht & Braucht, attorneys of Newkirk, Okla., in connection with this matter and this correspondence continued until August, 1923, when we answered them requesting that they furnish us with necessary forms or information showing the death of Mr. DeVore. We heard nothing from them until September, 1924, when they again took the matter up with us, and at that time we advised that if they would submit proof which they claim they had with reference to the death of Mr. De-

Vore, we would be glad to take the matter up further. Since then we have heard nothing whatever in connection with this case, and I find that my assistant in corresponding with these gentlemen neglected to advise them that Mr. DeVore had been expelled from the organization in April, 1920.

"If the death of Mr. DeVore can be definitely established any time between his disappearance in September, 1917, and the date of his expulsion April 2, 1920, we will be glad to acknowledge liability on his certificate, but if his death cannot be established prior to April 2, 1920, at the time he was expelled, we cannot acknowledge any liability whatever on account of his membership in our organization.

"If, as indicated above, you can furnish us with necessary proof establishing the death of Mr. DeVore prior to April, 1920, we will be glad to go into the matter further."

The defendant filed a motion for judgment on the pleadings, and the court sustained the motion and dismissed plaintiff's cause.

For reversal, plaintiff assigns as error the action of the trial court in sustaining the motion of the defendant for judgment on the pleadings.

The pleadings admit that no dues have been paid since April 2, 1920. Since no dues were paid, under the terms of the policy, it lapsed on that date. Suit was not brought within five years from that date, and unless the pleadings show that the claim was not finally rejected on that date, the cause of action would be barred by the five-year statute of limitation. If it be true that the insured died September 10, 1917, and the plaintiff relies on the proposition that regardless of the presumption of death, actual death occurred on that date, and that satisfactory proof of death on that date will be made, the action is barred by limitation if the claim was at that time finally rejected by the defendant. If the deceased died after April 2, 1920, the policy had lapsed and no recovery can be had thereon.

Plaintiff urges that the statute of limitation is not applicable, because the defendant up to the time of the filing of the petition had not finally rejected the claim. She pleaded the letter, hereinbefore set forth, wherein the defendant stated that if the death of the deceased could be definitely established at any time between the dates of September, 1917. and the time of his expulsion, April, 1920, the company would be glad to acknowledge liability on the certificate, but if his death could not be established prior to April 2, 1920, the time he

was expelled, the company could not acknowledge any liability whatever on account of his membership in the organization. The letter stated further, in substance, that if the plaintiff could furnish the company with necessary proof, establishing the death of the deceased prior to April 2, 1920, it would be glad to go into the matter further.

From the contents of this letter, it is clear that the claim of the plaintiff was never at any time finally rejected unless it can be said that it was finally rejected when the answer on behalf of the defendant was filed in this case. It appears from the pleadings that up to the time of the filing of the answer, which was on December 16, 1926, no final rejection of the claim had been made by the defendant. It follows, therefore, that the cause is not barred by the statutes of limitation, because the insurance contract allowed plaintiff a certain time in which to bring the suit after the claim had been finally rejected.

The defendant urges that the pleadings show on their face that the instant claim is outside the coverage of the policy and is within the express terms of exemption from liability—to which terms the assured assented, and by which terms the beneficiary is bound. From the pleadings it appears that a liability arising from the disappearance of a member or a presumption of the death of a member arising from any such disappearance shall not be incurred by the defendant. The plaintiff claims that this is an invalid provision, and relies upon the case of Modern Woodmen v. Michelin, 101 Okla. 217, 225 Pac. 163.

That case was decided before the Supreme Court of the United States filed its opinion in the case of Modern Woodmen of America v. Mixer, 45 Sup. Ct. 389, wherein that court had under consideration the same provision that was under consideration by this court in the Michelin Case. Mr. Justice Holmes, speaking for the court, said:

"The only facts that need be mentioned are that the certificate seems to have been issued in South Dakota, although there was no allegation or proof concerning the law of that state, and that it was issued in 1901, while the by-law relied upon was not adopted until 1908. But the by-law has been held valid and binding upon the members of the corporation by the Supreme Court of Illinois, although they had become members before the change. Steen v. Modern Woodmen of America, 206 Ill. 104, 129 N. E. 546, 17 A. L. R. 406. The Supreme Court of Nebraska affirmed a judgment for the plaintiff,

seemingly, from the cases cited, on the ground either that the rule of evidence must be determined by the lex fori, or, more probably, that the by-law was unreasonable. Mixer v. Modern Woodmen of America, 197 N. W. 129. The result is that if the validity of the by-law ought to be determined by the laws of Illinois, the plaintiff is allowed to recover upon a state of facts which the contract expressly stipulates shall not give her that right. * * *

"We need not consider what other states may refuse to do, but we deem it established that they cannot attach to membership rights against the company that are refused by the law of the domicile. It does not matter that the member joined in another state."

It was held in the Mixer Case that the provision contained in the certificate was valid. The record in this case discloses that the certificate sued upon is an Illinois contract. The Supreme Court of the United States held that the question of its validity was determined by the ruling of the Supreme Court of Illinois, and cites the case of Steen v. Modern Woodmen of America, 296 Ill. 104, 129 N. E. 546, 17 A. L. R. 406, wherein it is said:

"The contract in question here is insurance on life, and the one essential fact necessary to mature this contract is the death of the insured. The burden is on the beneficiary to prove this death. The rule of law which appellant invokes is a rule of evidence, and relates to the manner and quantum of proof necessary to establish death. By the common-law rule, a finding of the death of the insured will be sustained on proof of seven years' continued absence without intelligence of such absent person. Under the by-law in question such proof is not sufficient, unless the absence has continued for a period equal to the member's expectancy of life. There is no vested right in a rule of evidence, and parties may, by contract, change an established rule of evidence, and provide that a different rule shall apply in determining controversies that may arise between the parties to the contract."

The plaintiff questions the binding force of these decisions in this state. It is well settled that the courts of one state will not take judicial notice of the laws of another state; and it is further true that in order to show that the law of a sister state is different from that of the forum, it is necessary to plead and prove the same. That, however, is not the question here. In this case we have, for our guidance, a decision of the Supreme Court of the United States.

In the case of Modern Woodmen of Ameri-

ca v. Mixer, supra, it appears that the certificate sued upon was issued in South Dakota. Suit was brought in Nebraska. The certificate was issued by an Illinois corporation. There was neither allegation nor proof of the laws of any of these states. The Supreme Court of Nebraska held that the beneficiary was entitled to recover. The case was appealed to the Supreme Court of the United States, and it was there held that the construction placed upon the contract by the Supreme Court of Illinois was binding, and the cause was reversed.

A situation very similar to the one before us arose in Minnesota in the case of Mooney v. Brotherhood of Railroad Train men, 202 N. W. 341, which opinion was reversed by the Supreme Court of Minnesota after the Supreme Court of the United States filed its opinion in the Mixer Case. In the original opinion the Supreme Court of Minnesota held the by-law under consideration unreasonable and void, but on rehearing (204 N. W. 957) it was said:

"Since our decision in this case, the Supreme Court of the United States has filed its opinion in Modern Woodmen of America v. Mixer, 45 S. Ct. 389, 69 L. Ed. 506. The question involved is such that the rule of that court is controlling. It requires a reversal of this case, and, in consequence, the original opinion, so far as inconsistent with that result, is withdrawn.

"The by-law sustained in the Mixer Case was in purpose and effect identical in nature with that involved here, and was adopted after the making of the insurance contract upon which recovery was sought. The by-law had been sustained in Illinois, and it was held that the same effect must be given to it by the courts of Nebraska."

The rule announced in the Mixer Case by the Supreme Court of the United States is controlling in this state, and the provision of the constitution of the defendant in the case at bar must be upheld.

In this case, the defendant claims it did not insure against the disappearance or the presumptive death of the claimant, and that the provision of the constitution and the policy is an absolute bar to this action. The policy in the instant case provides that the defendant shall only be liable for the payment of a death claim when there is positive proof of the death of a beneficiary member. This does not mean, however, that she cannot prove death by circumstantial evidence.

In the case of Steen v. Modern Woodmen of America, supra, the policy under consideration contained the following provision.

"No lapse of time or absence or disappearance on the part of any member heretofore or hereafter admitted into the society, without proof of the actual death of such member while in good standing in the society, shall entitle his beneficiary to recover the amount of his benefit certificate, except as hereinafter provided."

In construing this provision, the Supreme Court of Illinois said:

"It is further contended that the word 'actual,' used in connection with the word 'death,' adds nothing to the meaning of the latter word, and reliance is placed upon the language in Gaffney v. Royal Neighbors, 31 Idaho, 549, 174 Pac. 1014, where the court, in passing on a by-law identical with the one now under consideration, said: 'We are at a loss to determine what added force is given to the language by use of the word "actual" in connection with the word "death". Every death is an actual death, and there is no such thing as constructive or presumptive death.'

"Much of the argument is based upon the theory that this by-law excludes proof of death by circumstantial evidence. We do not think the by-law subject to this construction. The law is well settled in this state that death may be proven by circumstantial evidence, and we do not consider that the by-law attacks in any way that established principle. We think, however, there is a clear distinction between actual death and death presumed by seven years' continued and unexplained absence. The word 'actual' has a well-understood meaning. It is something real, or actually existing, as opposed to something merely possible. Actual death is death existing in fact as distinguished from a constructive or speculative death established by a rule of evidence brought into being by necessity."

In the case at bar the insurance contract provides that the Brotherhood shall only be liable for the payment of a death claim where there is positive proof of the death of a beneficiary member. It is well settled in this state that death may be proven by circumstantial evidence, and we do not think the provision under consideration was intended to provide that death could not be proven by circumstantial evidence. The positiveness of the proof of the death of the beneficiary. however, is not before us for consideration, and we are not passing upon that question.

In the 9th paragraph of plaintiff's petition it is alleged that the deceased died on September 10, 1917. This is not an allegation that he is presumed to have died on that date, but it is an allegation that he did die on that date, and the petition furth-

er alleges that he was a member of the defendant and in good standing at the time of his death. The motion for judgment on the pleadings admits this allegation. We cannot anticipate what the proof may show as to how his death occurred. There may be satisfactory proof of the death of the deceased. It is true the plaintiff in other paragraphs of her petition alleged the circumstances of the disappearance of the deceased and these allegations indicate that she partially relied upon the seven-year rule of presumptive death, together with other circumstances surrounding the disappearance of the deceased. The 9th paragraph, however, is entirely independent of these allegations, and, on a motion for judgment on the pleadings, we are justified in construing the allegations in their most favorable light for the benefit of the plaintiff.

This being true, we must concede there is an allegation in the petition that the deceased died on the 10th day of September, 1917, and the motion for judgment on the pleadings admits this fact. It follows that the trial court committed error in rendering judgment in favor of the defendant on its motion for judgment on the pleadings, and the same is reversed, with directions to overrule the motion.

Reversed and remanded.

BRANSON. C. J., MASON, V. C. J., and PHELPS, LESTER, HUNT, and RILEY, JJ., concur.