**SIMON v. SHAFFER.**

No. 980.

District Court, N. D. Oklahoma.
July 12, 1935.

W. A. Leimer, of Kansas City, Mo., and Bailey E. Bell, of Tulsa, Okl., for plaintiff.

S. S. Lawrence, of Tulsa, Okl., for defendant.

FRANKLIN E. KENNAMER, District Judge.

Jennie Edmison, née Simon, executed numerous conveyances of lands owned by her. In 1925, she contracted with defendant, as attorney, to recover the land for her, and the bill alleges that to secure payment of defendant's fee she executed a deed to an interest in the land. Pending the litigation which ensued, Jennie Edmison died, leaving as her heirs the plaintiff and two others. An administrator of her estate was appointed and that proceeding has not been closed, there has been no determination of the heirs of the deceased, nor any decree distributing her estate. Neither the administrator nor the other heirs are parties here.

Plaintiff alleges that defendant sold oil and gas leases on the lands of the deceased, effected a partial settlement of the litigation as to oil royalties, caused the deceased to execute deeds to others, and entered into various other transactions, for which defendant received money, but for which no accounting has been made to the deceased or her heirs. In general terms defendant is also charged with defrauding the deceased and her heirs. Plaintiff seeks cancellation of the attorney's contract and deed, and the recovery of his proportionate part of the moneys alleged to be due on the accounting.

Defendant moves dismissal of the bill for lack of indispensable parties and want of capacity in plaintiff to sue.

Under the Oklahoma statutes, an administrator must take possession of all the property of the deceased, save only certain excepted property not here material; his possession is the possession of the heirs for the purpose of suing to quiet title, and he may bring suit for the recovery of the intestate's property. Sections 1193, 1194, Oklahoma Stat. 1931. The property of an intestate passes to his heirs, subject to control of the probate court, and the possession of the administrator. Section 1615, Id. The administrator is entitled to possession of all the real and personal estate, and to receive the rents and profits therefrom, until the estate is settled or delivered to the heirs by order of the court; but "the heirs or devisees may themselves, or jointly with the executor or administrator, maintain an action for the possession of the real estate, or for the purpose of quieting title to the same, against any one except the executor or administrator." Section 1217, Id. The quoted portion of the statute has been construed by the Oklahoma Supreme Court to mean what it says. Turner v. Johnson, 86 Okl. 196, 207 P. 555, where all the heirs joined in the suit.

[1] "The heir is dependent for his title, not only upon the statutes of suc-

cession * * * but upon the probate procedure for the determination and distribution thereof." White House Lumber Co. v. Howard, 142 Okl. 163, 286 P. 327, 329; Oil Well Supply Co. v. Cremin, 143 Okl. 57, 287 P. 414, 68 A. L. R. 1471.

■ Where there is no administration proceeding pending, or the property involved is not subject to administration, or all debts have been paid and plaintiff is the sole heir, or the probate court has decreed distribution, heirs have the right to sue without joining the administrator. First National Bank v. Tevis, 29 Okl. 714, 119 P. 218; Farmers' Bank & Tr. Co. v. Sheffler, 78 Okl. 44, 186 P. 479; Evans v. Miller, 105 Okl. 289, 233 P. 199; Varner v. Clark (C. C. A.) 283 F. 17. These cases obviously do not decide the issue here presented.

■ Under the Oklahoma statutes, as I construe them, this plaintiff may not sue for an accounting. If defendant owed any money to Jennie Edmison in her lifetime, or has appropriated money from her estate, the administrator, where one is appointed, is the only party who may sue to recover the debt. Bancrofts Probate Procedure, §§ 481, 490; 24 C. J., 795. This disposes of one of the grounds of plaintiff's bill.

■ The question as to who are indispensable parties to a bill in equity in this court, moreover, must be determined by a construction of Equity Rule 39 (28 USCA following section 723) and section 50 of the Judicial Code (28 USCA § 111), and not by the state statute. Harding v. Handy, 11 Wheat. 103, 6 L. Ed. 429.

■■ In Shields v. Barrow, 17 How. 130, 139, 15 L. Ed. 158, the court referred to the class of parties "who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience," and said:

"A bill to rescind a contract affords an example of this kind. For, if only a part of those interested in the contract are before the court, a decree of rescission must either destroy the rights of those who are absent, or leave the contract in full force as respects them; while it is set aside, and the contracting parties restored to their former condition, as to the others. We do not say that no case can arise in which this may be done; but it must be a case in which the rights of those before the court are completely separable from the rights of those absent, otherwise the latter are indispensable parties. * * *

"In Cameron v. M'Roberts [3 Wheat. 591, 4 L. Ed. 467], where the citizenship of the other defendants than Cameron did not appear on the record, this court certified: 'If a joint interest vested in Cameron and the other defendants, the court had no jurisdiction over the cause. If a distinct interest vested in Cameron, so that substantial justice (so far as he was interested) could be done without affecting the other defendants, the jurisdiction of the court might be exercised as to him alone.' And the grounds of this distinction are explained in Mallow v. Hinde, 12 Wheat. [193] 196, 198 [6 L. Ed. 599]."

In Roos v. Texas Co. (C. C. A. 2) 23 F.(2d) 171, 172, the court said:

"Section 50 of the Judicial Code (Comp. St. § 1032 [28 USCA § 111]) and rule 39 of the Equity Rules [28 USCA following section 723], so far as here relevant, are identical in substance; they give discretion to the court to proceed without parties ordinarily necessary under equity practice, but prescribe that the decree must be without prejudice to those who are absent. In many decisions it has been laid down that the test is one of substance; that is, whether the plaintiff can obtain relief which will later leave open to the absent parties the effective assertion of their rights, Shields v. Barrow, 17 How. 130, 15 L. Ed. 158; Mallow v. Hinde, 12 Wheat. 193, 6 L. Ed. 599; Payne v. Hook, 7 Wall. 425, 19 L. Ed. 260; Gregory v. Stetson, 133 U. S. 579, 10 S. Ct. 422, 33 L. Ed. 792; California v. So. Pac. Co., 157 U. S. 229, 15 S. Ct. 591, 39 L. Ed. 683; Waterman v. Canal-Louisiana Bank, 215 U. S. 33, 30 S. Ct. 10, 54 L. Ed. 80; Camp v. Gress, 250 U. S. 308, 39 S. Ct. 478, 63 L. Ed. 997; Commonwealth Trust Co. v. Smith, 266 U. S. 152, 45 S. Ct. 26, 69 L. Ed. 219. The general statement does little to advance matters, until one knows what is the test by which to ascertain when such rights can be protect-

ed and when not, and this we understand to be an entirely practical question, dependent in each case upon the facts.

"The decisions are numerous and complicated in the facts; from them it is impossible to extract any general rule. Rescission of a contract, or declaration of its invalidity, as to some of the parties, but not as to others, is not generally permitted. Shields v. Barrow, supra; Board of Trustees of Oberlin College v. Blair (C. C.) 70 F. 414; Vincent Oil Co. v. Gulf Refining Co., 195 F. 434 (C. C. A. 5). Williams v. Crabb, 117 F. 193, 59 L. R. A. 425 (C. C. A. 7), seems hardly consistent with these."

In Howard v. Manning, 79 Okl. 165, 192 P. 358, 360, 12 A. L. R. 819, Simpson executed a lease to Manning and died, leaving three heirs, one of whom conveyed her interest to Holden and Kirby, who leased the land to Moore. Thereafter Kirby sold his interest to Howard. Moore sublet the property to Salmon. Howard and Holden sued Salmon for rent. Salmon confessed judgment, paid the rent into court, and the controversy in the case was whether Howard and Holden or Manning, who intervened, should have the rent. Howard and Holden urged that Manning's lease was forfeited for breach of its terms. The court said:

"It should be noticed that the other two heirs of Ben Simpson, the lessor, are not parties to this case, and insofar as this record shows make no contention that Manning, the lessee, violated any of the covenants in his lease or that his lease was forfeited. The other two heirs did not join Holden and Kirby in their lease to Moore. * * *

"The covenant for the alleged breach of which plaintiffs in error claim the right to declare and enforce a forfeiture of the lease is entire and indivisible. Manning is the covenantor, and Simpson, the lessor, was the covenantee. The lessor, or his heirs or vendees, could take advantage of the breach of the covenant, but the lessor could not fractionize or apportion the lessee's covenant by either conveying the lands to several parties as tenants in common or dying and leaving it to a number of heirs. The death of the lessor did not apportion or divide the covenant. The lessee's contract was not altered, modified, or affected by the death of the lessor other than with respect to the payment of the rent. After passing

out of the hands of the lessor's administrator (if he had one) each heir had the right to receive his part of the rent, but that did not apportion the indivisible covenants in the lease. Upon the death of the lessor the lessee's covenants in question run to the heirs jointly and indivisibly. * * *

"The alleged forfeiture for breach of covenant, not having been declared by declaration of forfeiture joined in by all the tenants in common, and the alleged forfeiture not being self-executing, the lease, in so far as this record shows, was a subsisting and valid lease for the entire year of 1917."

In Hawkins v. Klein, 124 Okl. 161, 255 P. 570, 574, certiorari denied 276 U. S. 588, 615, 48 S. Ct. 206, 72 L. Ed. 719, following Howard v. Manning, supra, the court said: "All the heirs must concur in the election to enforce the forfeiture, and no one of them may, by virtue of his relationship as a cotenant, 'act as agent for his companion.' Charles Dawes did not even assume to act as agent for Beatrice Peters Schapp and Juanita Alma Dawes, his cotenants. He was acting for himself alone. Upon the authority of the cited case, the notice issued by Charles Dawes alone, a cotenant, and not sole owner, was a nullity and did not effectuate a forfeiture; and the trial court correctly so held."

The rules announced in Howard v. Manning and Hawkins v. Klein seem more applicable to the case at bar than the rule laid down in Turner v. Johnson, supra, 86 Okl. 196, 207 P. 555. Under these decisions, it cannot be said that the rights of the plaintiff are "completely separable from the rights of those absent," Shields v. Barrow, supra.

The administrator is the only person who may sue for an accounting, and plaintiff is not entitled to any judgment on that phase of this litigation. Even if heirs might maintain such a suit, a decree for accounting necessarily involves the rights of the administrator and the other heirs, who may or may not concede plaintiff's claim to a fourth interest in the estate and certainly would not be concluded by the judgment of this court, in an action to which they are not parties, as to the balance found due or as to plaintiff's share thereof, or as to what indebtedness may exist from plaintiff to the deceased's estate.

The cancellation of the attorney's contract is attended by the same difficulties. The litigation commenced by Shaffer appears to be still pending, and to require the continued service and advice of an attorney. It involves a money demand as well as title to realty. The administrator and the other heirs may, for aught that appears here, be satisfied with the situation as it exists and desire to have the contract remain in force. In any event the court ought not to enter a decree partially canceling it.

It is conceded that joinder of the remaining heirs or the administrator would destroy diversity of citizenship and oust the jurisdiction of the court. The bill is, therefore, dismissed. Fourth Nat. Bank v. New Orleans & C. R. Co., 11 Wall. 624, 20 L. Ed. 82.