## MODERN WOODMEN OF AMERICA v. CRUDUP.

No. 24663. Oct. 15, 1935.

Rehearing Denied Dec. 3, 1935.

C. B. McCrory, Geo. G. Perrin, and Geo. H. McDonald, for plaintiff in error.

Norman Barker, for defendant in error.

PER CURIAM. The defendant is a fraternal insurance association, chartered, organized and existing under the laws of the state of Illinois, with its home or principal office in that state. The certificate was issued pursuant to the laws of Illinois on February 18, 1902, to Arthur O. Weir, in the sum of $3,000, payable upon his death to his wife, Ida Weir, or "to his legal heirs." The policy was in full force and effect in January, 1921, when Arthur O. Weir left his home in Ada, Okla., to seek employment, and he has not been seen or heard from since. His family consisted of his wife and six children. On May 2, 1931, the wife, Ida Weir, died leaving surviving the plaintiff and her five brothers and sisters, children of the insured and the original beneficiary, Ida Weir. There was correspondence between the defendant and the plaintiff over a period of years about the payment of this policy. Payment was refused. It is unnecessary to consider this correspondence now. The premiums on the policy were paid until January, 1932, and on April 16, 1932, this action was brought.

The plaintiff alleges that she and her five brothers and sisters, naming them, were the children and sole heirs of Ida Weir, deceased. She attached written assignments from the five brothers and sisters, assigning their interests to her. She alleged that Arthur O. Weir, "in 1921 left home and died," and the facts as to his absence for more than seven years; that his whereabouts had been unknown, and that he had been unheard of since his disappearance.

The certificate provided that it was subject to all conditions in it and the by-laws of the society "as the same now exist or may be hereafter modified, amended, or enacted. * * *" The by-laws of the society, enacted in 1908 and subsequent years, and in force at the time of the insured's disappearance, provided that:

"No * * * absence or disappearance on the part of a member * * * without proof of actual death of said member * * * shall entitle any beneficiary to recover. * * * The disappearance or long continued absence of any member, unheard of, shall not be regarded as any evidence of death, or give any

right to recover on any benefit certificate. * * *"

The defendant pleaded and offered in evidence these by-laws and the opinion of the Supreme Court of Illinois in the case of Steen v. Modern Woodmen of America. 296 Ill. 104, 129 N. E. 546, adjudging them to be valid. The court refused to admit this opinion. It is evident that the trial court, in this ruling and in his instructions to the jury, followed the case of Modern Woodmen of America v. Michelin, 101 Okla. 217, 225 P. 163. Plaintiff relied on this case as decisive of this issue and the trial court gave the jury an instruction, duly objected to by defendant, taken almost verbatim from it.

In the Michelin Case, supra, the court had under consideration an insurance policy and by-laws identical in terms with the ones now under consideration, and this same plaintiff in error made the same contentions in the trial court and in the Supreme Court as made here. This court, in that case, in 1924, held that the rule as to the presumption of death after seven years' absence could not be abrogated by contract, and that said by-laws were contrary to public policy and void. In 1925, the Supreme Court of the United States, in Modern Woodmen of America v. Mixer, 267 U. S. 544, 45 S. Ct. 389, reversed a decision of the Supreme Court of Nebraska (111 Neb. 334, 197 N. W. 129) on this point in a case wherein these identical contentions were made by plaintiff in error. In 1928, in the case of DeVore-Norton v. Brotherhood of Locomotive Firemen and Enginemen. 132 Okla. 130, 270 P. 12, this court, in deciding a question similar to that under consideration, held that the rule announced in the Mixer Case, supra, by the Supreme Court of the United States was controlling in this court. Therefore, under the Mixer opinion, the decision of the Supreme Court of Illinois, in Steen v. Modern Woodmen of America, 296 Ill. 104, 129 N. E. 546, which was offered and excluded from evidence in the case at bar, was decisive of this question. The rule announced by our court is set out in the syllabus. The DeVore-Norton Case mentioned the Michelin Case and overruled it by implication, but did not do so in specific terms. Therefore, the trial court erred in his instructions to the jury in following said case. This case must be reversed for a new trial, but we think it necessary to notice one other alleged error.

It is contended that the plaintiff had no capacity to sue or maintain this action, because the basis of such right, if any, was vested in the administrator or executor of Ida Weir, deceased, under the laws of descent and distribution (O. S. 1931, sec. 1615). In Varner v. Clark, 283 Fed. 17, a case from this state, the Circuit Court of Appeals of the 8th Circuit followed the case of First National Bank v. Tevis, 29 Okla. 714, 119 P. 218, which considered the statute in force in the Indian Territory, and held that an action could be maintained by an heir of a deceased father's and mother's estates, neither of which estates had been probated, where the allegations in the complaint and the proof showed plaintiff to be the sole heir of his father and mother, and that there had been no probate of the father's will or the intestate mother's estate, and that there were no unpaid debts of either of said estates. The case held that administration under such conditions would have been useless, and therefore the plaintiff could maintain the action.

In the case of Metropolitan Life Insurance Co. v. Lanigan, 222 P. 402, the Supreme Court of Colorado, in suits on life insurance policies which provided that they were payable to "the executor or administrator of the insured," and wherein the plaintiff sued as heir and as assignee of the remaining heirs, as in the case at bar, it was held that the plaintiff could maintain the action without an administration upon proof of the absence of debts owed by the deceased.

Section 10576, O. S. 1931, provides, in substance, that the benefits under a policy of fraternal insurance, as here, are not subject to, and cannot be applied on, the payment of any debt of any certificate holder or of any person who may have a right thereto. See State ex rel. Lankford v. Collins, 70 Okla. 323, 174 P. 568; Johnson v. Roberts, 124 Okla. 68, 254 P. 88. Hence, the presence or absence of indebtedness on the part of the decedent, Ida Weir, was immaterial. The plaintiff, therefore, may maintain this action.

The petition alleged that the insured died, and some circumstantial evidence was offered tending to establish the death of the insured, as distinguished from evidence of facts to raise the legal presumption of death. This theory of the case finds support in the DeVore-Norton Case, supra.

Judgment reversed and the trial court directed to grant a new trial and to take such other action relative hereto not inconsistent with this opinion.

The Supreme Court acknowledges the aid of District Judge Clarence Mills in the preparation of this opinion. The District Judge's

analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter, upon consideration, this opinion, as modified, was adopted by the court.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.