**WYOGA GAS & OIL CORPORATION v. SCHRACK et al.**

No. 32.

District Court, M. D. Pennsylvania.
April 3, 1939.

Motion refused and leave granted to defendants to file an answer.

Richard Henry Klein, of Sunbury, Pa., for plaintiff.

Reading & Wood, of Williamsport, Pa., for defendants.

JOHNSON, District Judge.

The plaintiff, a Delaware corporation, has brought this action against the defendants, former officers and directors of the corporation, alleging various acts of fraud, negligence, and misconduct, and seeking to recover damages for losses suffered because of these acts. Jurisdiction in this court is claimed solely on the basis of diversity of citizenship, and two of the defendants have moved to dismiss the complaint on the ground that there is no such jurisdiction under the facts alleged in the complaint.

The plaintiff is a citizen of Delaware, and there are twenty-six defendants. Twenty-four of the defendants are citizens of Pennsylvania, one a citizen of Ohio, and one a citizen of New York. The defendants who have moved to dismiss the complaint are citizens of Pennsylvania, and base their motion on Section 51 of the Judicial Code, 28 U.S.C.A. § 112, which provides, inter alia: "Where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

Under this statute, the defendants contend that an action based solely on diversity of citizenship cannot be brought by a citizen of one state in the Federal District Court of another state against defendants, some of whom are citizens of the second state, and some of whom are citizens of a third state.

The defendants' contention has to do with the venue of the action, and the law of this subject has not been changed by the new Federal Rules of Civil Procedure. Rule 82, 28 U.S.C.A. following section 723c.

The exemption from suit under Section 51 is a personal privilege which is given solely to the non-resident defendant, and consequently a resident co-defendant cannot take advantage of this exemption. Camp v. Gress, 250 U.S. 308, 39 S.Ct. 478, 63 L.Ed. 997. Where the non-resident defendants are "indispensable" parties, however, the court cannot proceed to adjudicate the case in their absence. Waterman v. Canal-Louisana Bank and Trust Company, 215 U.S. 33, 30 S.Ct. 10, 54 L.Ed. 80. Therefore, in the present case the resident co-defendants who have moved to dismiss the complaint have no standing unless the non-resident defendants are "indispensable" parties.

The above rule applies only to "indispensable" parties, as distinguished from merely "necessary" parties. "Indispensable" parties are those with such an interest in the controversy that a final decree cannot be entered in their absence without adversely affecting their rights, or without leaving the action in a state which would be inconsistent with equity and good conscience. "Necessary" parties are those whose presence is necessary in order to adjudicate the entire controversy, but whose interests are so far separable that the court can proceed to final judgment without adversely affecting them. Simon v. Shaffer, D.C., 11 F.Supp. 450; State of Washington v. U. S., 9 Cir., 87 F.2d 421. The court will require "necessary" parties to be joined if jurisdiction can be obtained over them, but under Section 50 of the Judicial Code, 28 U.S.C.A. § 111, may proceed in their absence to adjudicate the rights of the parties who are properly before it.

The distinction between "necessary" and "indispensable" parties is recognized in Rule 19(b) of the new Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which provides: "When persons who are not indispensable, but who ought to be parties if complete relief is to be accorded between those already parties, have not been made parties and are subject to the jurisdiction of the court as to both service of process and venue and can be made parties without depriving the court of jurisdiction of the parties before it, the court shall order them summoned to appear in the action. The court in its discretion may proceed in the action without making such persons parties, if its jurisdiction over them as to either service of process or venue can be acquired only by their consent or voluntary appearance or if, though they are subject to its jurisdiction, their joinder would deprive the court of jurisdiction of the parties before it; but the judgment rendered therein does not affect the rights or liabilities of absent persons."

In the present case the complaint alleges in substance that the defendants are joint tort feasors. Thus, their liability is joint and several. Under these circumstances the interests of the defendants are so far separable that a final decree can be entered without adversely affecting the rights and liabilities of the non-resident defendants. In short, the non-resident defendants are "necessary", as distinguished from "indispensable" parties. Sauer et al. v. Newhouse et al., D.C., 24 F.Supp. 911.

Defendants also contend that, the liability being joint and several, the plaintiff must either sue each defendant separately, or all defendants jointly. There is no merit in this contention. Rule 20(a) of the New Federal Rules of Civil Procedure specifically authorizes the joinder of separate actions where the questions of law and fact are common to all defendants. In the present case the questions raised by

the complaint appear to be substantially the same as to all defendants.

All of defendants' contentions are without merit, and it is therefore ordered that the motion to dismiss the complaint be, and hereby is refused, and leave is granted to defendants to file an answer within twenty days.