PRINCE L. TRAPP, APPELLANT, v. SOVEREIGN CAMP, WOOD-
MEN OF THE WORLD, APPELLEE.

FILED JUNE 15, 1918. No. 19940.

Insurance: BENEFICIAL SOCIETIES: ULTRA VIRES. The determination of
this case is controlled by the rule laid down in *Haner v. Grand
Lodge, A. O. U. W.*, p. 563, post.

APPEAL from the district court for Douglas county:
GEORGE A. DAY, JUDGE. *Affirmed.*

*Vinsonhaler, McGuckin & Caldwell,* for appellant.

*McGilton, Gaines & Smith* and *D. E. Bradshaw, contra.*

MORRISSEY, C. J.

This is an action in equity brought by plaintiff to
compel defendant, a fraternal beneficiary society, to
issue and deliver to him a paid-up policy in the sum of
$2,000, under the provisions of a by-law of defendant
in force at the time the plaintiff became a member of
the society. The by-law provided that every person
joining the society, after reaching the age of 42 years
and remaining a member thereof in good standing for
a term of 20 years, "shall not thereafter be required to
pay any assessment or dues and shall receive a paid-up
certificate, payable at death to his designated benefici-
ary." There was judgment for defendant, and plain-
tiff appeals.

It is admitted that plaintiff fell within the class
specified, and remained a member in good standing for
the period mentioned, but the answer alleges that de-
fendant was organized under the laws of the state of
Nebraska; that under its articles of incorporation it
was authorized to create a fund from which there
should be paid upon the death of a member the proceeds
of one assessment upon the surviving members, not
exceeding the amount designated in his beneficiary
certificate; that defendant had the right to issue benefi-

ciary certificates to its members, the amount thereof to be paid upon the death of a member, but had no right or power to issue any other kind or class of. certificate, and that the society never had the right under the law to issue a paid-up certificate; and that the by-law relied upon is *ultra vires*. There are other allegations in the answer, but it is unnecessary to set them out.

The main questions presented have been determined adversely to plaintiff in the case of *Haner v. Grand Lodge, A. O. U. W.*, p. 563, *post*, and on the authority thereof the judgment of the district court is

AFFIRMED.