This is a suit on a fraternal beneficiary certificate. The cause was tried before the court without a jury and judgment went for the face of the certificate with interest, and defendant appealed.
On August 12, 1895, defendant issued to William A. Garretson its certificate for $200, naming therein Alice Garretson, his wife, and plaintiff here, as beneficiary. Insured died in May, 1920, while in good standing. Proofs of death were duly made, and payment for the full face of the certificate was demanded. Defendant refused to pay the certificate in full as per its face, but tendered $1511.95, the amount due according to defendant's contention. This tender was refused by plaintiff, and defendant again made tender in its answer.
The petition is in two counts. The first is the usual charge upon an insurance certificate. The second count alleges that one of the conditions in the certificate was that if the insured paid the dues, as therein provided, for a period of twenty years the certificate would be *Page 542 
paid up. Then follows the allegation that this condition was met, and that the certificate was paid up. Defendant answered the first count at great length, and to the effect that by reason of the change of rates, and adjustments made, effective January 1, 1920, it is not liable for any more than tendered. The answer to the second count is in effect that the limited pay provision in the certificate was void ab initio. A reply put in issue the new matter and pleaded estoppel.
There are three questions here for determination. (1) Is division c of section 60 of defendant's Laws of 1919 as applicable to the certificate sued on unreasonable or in conflict with any law of this State? (2) Is the limited pay provision of the certificate valid? (3) Is there any estoppel under the facts?
No declarations of law were asked and none were given, and the finding was general, hence we do not know on what theory the trial court based its finding. It was admitted that defendant is a fraternal beneficiary society organized under the laws of Nebraska, and authorized to do business in Missouri. In July, 1919, defendant, by its law-making body, raised its rates, and provided for a general adjustment, said raise and adjustment affecting all members of the order. Insured became a member of defendant society at the age of forty-four, and had been a member twenty-four years at the time of his death. He carried a certificate for $2000, and his rate when he entered was $1.45 per month. Defendant increased its rates in 1895, 1897, 1899, 1901, 1913, 1915, 1917 and 1919, but the certificate sued on was affected only by the changes in 1899, 1915, 1917 and 1919. At the time of his death insured was paying $2.15 per month as a sovereign camp fund proper, having failed to avail himself of the options provided in the raise and adjustment of 1915, 1917 and 1919, and as a result there were lien charges against his certificate.
Section 60 of the Constitution, laws and by-laws as amended and adopted in 1919, became effective on January 1, 1920, and fixed the rates for new members, *Page 543 
raised the rates of then existing members, and provided for certain options as to then existing members. Division a of section 60 fixed the rates for new members, and provided that every member in good standing to whom a combined benefit certificate was issued prior to January 1, 1920, should thereafter pay an annual assessment or monthly installments, in advance, as fixed by a table of rates set forth therein, and that this assessment should be based on the member's attained age on January 1, 1920. Then follows a provision whereby the assessment would be reduced as to members thirty-eight years of age and over by reason of certain accumulated funds. Division b of section 60 provides that every member in good standing admitted prior to January 1, 1920, holding a combined benefit certificate may elect to relinquish and abandon his right and privilege to the monument benefit in his certificate and to continue the death benefit and modified old age benefit by paying an annual assessment fixed by a table therein, and that this assessment should be based on the member's attained age on January 1, 1920. The assessment underb would be reduced as under a. By division c of section 60 a lien was charged against the certificate of every member, admitted prior to January 1, 1920, who failed to elect to pay under a or b. If insured had elected to pay under a his rate on his $2000 certificate would have been, according to the table, $19.04 per month, less the reduction by the accumulated funds, which reduction, into the details of which it is not necessary to go, would have reduced his assessment to $13.26 per month. If he had elected under b his assessment per month would have been $16.46, and reduced by the accumulated fund to $10.68. Insured did not elect, and by the provisions of division c a charge or lien was placed against his certificate. The lien against insured's certificate under division c of section 60 amounted to $440, and increased, when not paid, at five per cent, compounded annually. By virtue of the lien provision in the Laws of 1915 and 1917, together with interest, insured was charged with $45.75 in addition *Page 544 
to the lien of $440 under defendant's Laws of 1919, making a total lien against the certificate of $485.75. In addition to the liens $5.90 was deducted for dues for May and June, 1920, making a total deduction of $491.75. The deduction of $5.90 for dues would appear to be erroneous since insured was paying his old rate, and was charged with a lien, but this small error, if it is such, is not of consequence.
Insured continued to pay $2.15 per month as sovereign camp dues, and had not paid any part of the liens. His status was this: At the age of sixty-eight he was paying $2.15 per month on a certificate of $1514.25, which certificate was reduced each year by the interest compounded annually on $485.75 at five per cent. There were from time to time small additional charges in addition to the $2.15 per month, but the $2.15 per month was the assessment for sovereign camp dues fixed upon insured's certificate prior to 1915, and was the rate he paid. Insured's expectancy, according to defendant's mortality table was 10.7 years. The interest on the lien charge for 10.7 years would be approximately $333. This amount deducted from the $1514.25 leaves $1181.25. Considered in this manner insured at the age of sixty-eight years was given a certificate in the nature of a limited pay certificate for $1181.25 for which he was paying $2.15 per month. The limited pay feature is based on the assumption that insured would live his full expectancy and no longer. If he failed to live out his expectancy, which happened to be the case, the certificate was more than the minimum we have assumed. If he should have lived beyond his expectancy, then the amount of insurance would have been less than the minimum assumed based on insured's expectancy. Few there be at the age of 68 who live beyond their expectancy under any recognized table of mortality, hence it is not unreasonable to consider insured's certificate in the above manner. If insured had been compelled to elect under division a or b of section 60, or be lapsed, and that question was here, then there would be an entirely different problem *Page 545 
for solution. But no such question is here. Insured did not elect, and was not compelled to elect under a or b, but if he failed to elect under a or b, then without any action on his part he was placed under division c of section 60, and a lien charged against his certificate.
The certificate sued on contains this provision: "This certificate is issued and accepted subject to all the conditions on the back hereof, and named in the sovereign constitution, fundamental laws and by-laws of this fraternity, and liable to forfeiture if said sovereign shall not comply with said conditions, constitution, fundamental laws and such by-laws and rules as are or may be adopted by the sovereign camp, head camp or the camp of the jurisdiction of which he is a member at the date of his decease."
Plaintiff's counsel does not contend that the insured was not bound by all subsequently enacted reasonable by-laws affecting rates or other matters, but contends that section 60 is wholly unreasonable, confiscatory and void. We are not concerned with any part of section 50 except division c thereof. Defendant contends that no part of section 60 is unreasonable. Also it is contended that the question is not an open one; that the Supreme Court of Nebraska, the domicile of defendant, in Fowler et al. v. Sovereign Camp Woodmen of the World, 183 N.W. 550, passed upon the validity of defendant's adjustment of 1919, and held such changes and adjustment valid; and that by virtue of the full faith and credit clause, section 1 of article 4, of the Federal Constitution, the Nebraska decision is binding here. The whole or nearly so of the Fowler Case from its inception to final termination, including a great part of the abstract of the record on appeal, was introduced in evidence in the case at bar, and we have before us the Fowler Case, including briefs of counsel. The Fowler Case was a direct proceeding in equity to determine the validity of the defendant's rate adjustment of 1919, and to enjoin defendant from putting into effect those rates and adjustments. There were four plaintiffs in the Fowler *Page 546 
Case who had been members several years, and they brought the suit for themselves and for "all other persons similarly situated and similarly interested." Defendant relies upon Supreme Counsel of Royal Arcanum v. Green, 237 U.S. 531, 59 Law Ed. 1089, to support its contention that we are bound by the Nebraska decision, but we consider it unnecessary to determine the issue here on the full faith and credit provision of the Federal Constitution.
Under insured's certificate he was bound by any reasonable subsequent by-law, not in conflict with the laws of this State. Is division c of section 60 as applicable to insured's certificate unreasonable, or in conflict with any law of this State? If not, then, plaintiff cannot recover more than tendered. The greatest effect of division c on insured's certificate was to reduce the amount of his insurance, assuming he would live his full expectancy and no longer, from $2000 to $1181.25, and also it eliminated the monument and old age features. For this certificate of $1181.25 insured at the age of sixty eight was paying $2.15 per month or $28.50 annually. It was emphasized in the record of the Fowler Case that the rates and adjustments of 1919 were fixed and permanent. It is recognized by the courts of all jurisdictions that fraternal societies may reasonably increase their rates. Experience has demonstrated that such has been necessary for their continued successful existence. [Parker v. Sovereign Camp Woodmen of the World, 196 S.W. (Mo. App.) 424; Westerman v. Supreme Lodge K. of P., 196 Mo. 670, l.c. 720, 94 S.W. 470; Supreme Lodge K. of P. v. Smyth, 245 U.S. 594, 62 Law Ed. 492; Supreme Lodge K. of P. v. Mims, 241 U.S. 574, 60 Law Ed. 1179; Wright v. Minnesota Mutual Life Ins. Co., 193 U.S. 657, 48 Law Ed. 836; Reynolds et al. v. Supreme Council of Royal Arcanum (Mass.), 7 L.R.A. (N.S.) 1154; Thomal v. Knights of Macca bees (Wash.), L.R.A. 1916 A. 750; Funk v. Stevens, 169 N.W. (Neb.) 6; Hollinsworth v. Supreme Council Royal Arcanum, 96 S.W. (N.C.) 81; Neuman v. Supreme *Page 547 
Lodge K. of P. (Mass.), L.R.A. 1916C, 1051; Clarkson v. Supreme Lodge K. of P., 82 S.E. (S.C.) 1043; Miller v. National Council Knights and Ladies of Security, 76 Pac. (Kan.) 830.] We hold that the adjustment of insured's certificate under division c of section 60 is not in effect such an increase of rate as to render the adjustment void.
On the question of the limited pay provision in insured's certificate we hold that such provision was void ab initio. The same question was before the Supreme Court of Nebraska in Trapp v. W.O.W., 168 N.W. 191. The certificate in the Trapp case was issued in 1895 as was the one at bar. It contained the same provision "payments to cease in twenty years" as in the one here. The Trapp case was to compel the society to issue a paid-up certificate. It was held that a by-law of defendant society authorizing a paid-up policy or certificate was ultra vires and void. This because benefits under a certificate were to be paid according to the charter of the Woodmen of the World by an assessment upon the membership, and not a part of them, as would be the case if the limited pay provision were valid. Haner v. Grand Lodge A.O.U.W., 168 N.W. (Nebr.) 189, is to the same effect. Westerman v. Supreme Lodge K. of P., 196 Mo. 670, 94 S.W. 470, cited supra, involved the question of the application of what are now sections 6151 and 6152, Revised Statutes 1919, to a fraternal beneficiary certificate. Those sections deal with old line or legal reserve policies, as does the case mentioned, but in the opinion it is made plain that a paid-up policy as the expression is used in those sections has no application to a fraternal beneficiary society. The highest court of the domicile of the defendant society has ruled that the limited pay provision in a certificate identical in terms with the one at bar is void. Such ruling contravenes no law of this State and is bottomed upon the principle of substantial justice.
The plea of waiver is based upon the fact that after the 1919 laws of defendant went into effect January 1, *Page 548 
1920, insured continued to pay his old rate, and defendant continued to receive the payments. There was no waiver in this. Defendant received the insured's payments, but it also placed the lien against his certificate. Under section 60 of defendant's laws of 1919 insured had the right to elect under division a orb as heretofore explained. If he failed to elect then without any action on his part he was placed under division c. He took no affirmative action, hence fell under division c. There are none of the elements of waiver involved.
Some other questions of minor importance are raised, but it is not necessary to consider them. The judgment is reversed and the cause remanded with directions to enter judgment for plaintiff for $1511.95, the amount tendered. Cox, P.J., and Farrington,J., concur.