CORA A. CLARK, Defendant in Error, v. THE SECURITY BENEFIT ASSOCIATION, a Corporation, Plaintiff in Error.—121 S. W. (2d) 148.

Court en Banc, November 16, 1938.

*A. W. Fulton, Leo H. Johnson, Lamm & Barnett* and *Michaels, Blackmar, Newkirk, Eager & Swanson* for plaintiff in error.

*E. H. Gamble amicus curiae.*

*Ruark & Ruark* for defendant in error.

BOHLING, C.—The issues presented for determination may be said to revolve around the question: Are the limitations declared to exist on the charter powers of an incorporated fraternal and beneficiary association of a sister state under judicial proceedings instituted by a member of the association in the state of its incorporation control-

ling under the full faith and credit clause of the Federal Constitution in a suit instituted here on a Missouri member's beneficiary certificate?

From a judgment for $968, in favor of Cora A. Clark, the beneficiary in a beneficiary certificate issued upon the life of Carson E. Clark, The Security Benefit Association, a corporation, prosecutes a writ of error.

Defendant (designating the parties as styled *nisi*) is a fraternal beneficiary association organized in 1892 under the laws of the State of Kansas under the name of The National Council of the Knights and Ladies of Security. Its name was changed to The Security Benefit Association under action taken on September 24, 1919. It was authorized to do business in Missouri. The objects of the association, insofar as here involved, stated in its constitution in force in 1896 embraced the providing of a "beneficiary fund, payable at death as the member may direct, in sums from $500 to $3,000, or a part thereof, in case of partial or complete disability of the member." Its charter conformed thereto. Its constitution also provided "The National Council of the Knights and Ladies of Security shall, alone, have the power to amend the constitution, laws and rules of discipline of the order. It shall exercise all power for the government of the order, and its decisions shall be final;" that ". . . . the physical disability clause may be done away with whenever the National Council may see fit;" and, providing for the payment of assessments by the members holding beneficiary certificates, that all rights under beneficiary certificates were forfeited upon the failure to pay the assessment on or before the 28th day of the month.

On February 24, 1896, at Neosho, Missouri, Carson E. Clark made application for membership in said association and for a beneficiary certificate, sometimes called "insurance policy," in the amount of $1,000 subject to the charter, constitution and by-laws of the order. On March 7, 1896, defendant issued its beneficiary certificate entitling Cora A. Clark, the wife of said Carson E. Clark, to participate in the benefit fund of said association to the amount of such sum as may be paid to said association on an assessment made upon the death of said Carson E. Clark not exceeding the sum of one thousand dollars, or entitling said Carson E. Clark to receive $375 in the event of his attaining the age of sixty-seven years; that is, payable on October 17, 1926, conditioned upon his holding valid said beneficiary certificate, and the further expressed condition in said certificate: "This certificate is issued upon the express condition that the insured shall, in every particular, while a member of the Order, comply with all the laws, rules and requirements thereof, and shall at his death be a member in good standing of said order."

This court on May 17, 1898, in State ex rel. v. Orear, 144 Mo. 157, 169, 45 S. W. 1081, 1084, held certificates providing for the payment of benefits upon the beneficiary arriving at a stipulated age to be en-

dowment insurance; and that under the Laws 1897, pages 132-137, the Superintendent of the Insurance Department of the State of Missouri rightfully refused a license or certificate to do business in Missouri to a fraternal beneficiary association authorized by its constitution to issue certificates providing for stipulated age benefits. The record discloses that defendant was likewise refused a license to do business in Missouri; and that, thereafter, about June 16, 1898, defendant enacted a new constitution and by-laws which expressly repealed all laws theretofore enacted.

On January 6, 1899, the State of Kansas enacted a law, insofar as here involved, of like legal effect to the Missouri law upon which the decision in the Orear case, supra, was based. [See Kan. Laws, Spec. Sess. 1898, p. 60 et seq.] In 1923 in Dey v. Knights and Ladies of Security, 113 Kan. 86, 213 Pac. 1066, the Supreme Court of Kansas had occasion to consider the effect of the revision of the constitution and by-laws of defendant and the Kansas statutory law, as then existing, upon a benefit certificate of defendant issued in 1895; and ruled (quoting from the syllabus of the court): "That he [the beneficiary member] was bound by after-enacted laws changing the rates and benefits; that the amendment of the laws of the order and the enactment of the statute referred to cut off his right to recover on the ground of having reached a particular age, no disability being claimed." The instant record discloses that the Dey certificate was identical with the Clark certificate insofar as the legal issues are concerned and identical in fact except as to the individuals, dates and subordinate councils involved and except that Dey's certificate provided for the payment to Dey of $900 upon his attaining the age of sixty-nine years whereas the instant certificate provided for the payment of $375 upon Clark attaining the age of sixty-seven years. Plaintiff's brief informs us that the agreement contained in plaintiff's certificate to pay a "stipulated age benefit" was covered by that portion of defendant's constitution and by-laws wherein the form of defendant's benefit certificate was set forth, and this conforms to a statement in the Dey case (l. c. 88(1) and 1067(1), respectively), which states said by-law was repealed in the course of the revision of defendant's constitution and laws in 1898. Dey became sixty-nine on February 12, 1919, and on March 1, 1920, made demand on defendant for payment under said endowment provision and, upon refusal, instituted suit to enforce payment and enjoin defendant from collecting an increase of his monthly assessment from $3 to $3.60. In reversing a judgment for Dey and directing a judgment for defendant, the Supreme Court of Kansas announced the following Kansas law:

"This court is fully committed to the proposition that where a member of a mutual benefit society agrees to obey by-laws subsequently to be adopted he thereby authorizes a change of rates and

benefits. . . . The plaintiff's certificate recited that it was issued upon the express condition that he should comply with all the laws of the order, and the decision of the trial court as indicated by the language quoted appears to have been controlled by a belief that this agreement did not apply to a subsequently adopted law which changed the terms of the certificate." (l. c. 88 and 1067, respectively.)

"The power of a fraternal benefit society to change the rates to be paid and the benefits to accrue, as they are defined at the time the certificate is issued, is the same whether the provision defining them is incorporated in the certificate itself or is to be found only in the by-laws." (l. c. 90 and 1068, respectively.)

"We cannot accept the conclusion of the trial court already quoted, if it is to be interpreted as denying the power of the defendant or of the Legislature to alter the plaintiff's obligations and benefits as set out in the certificate." (l. c. 91 and 1069, respectively.)

". . . we think it [defendant] is clearly within the operation of the statute." (l. c. 93 and 1070, respectively.) The court referred to Kan. Gen. Stat. 1915, Secs. 5401, 5402 and 5406, the same being Secs. 1, 2 and 6 of Kan. Laws, Spec. Sess., 1898, p. 60 et seq., supra, as amended to 1915 (see Dey case, l. c. 88 and 1067, respectively.)

"We think the change in the laws of the association made in 1898 show a purpose to substitute an annual payment upon actual disability (after the age of 70) for the previous $900 payment upon the member's reaching 69. And we hold the statutory provisions which expressly prohibit disability benefits under the age of 70, and by implication (as already interpreted) limit them to cases of actual disability, to apply to all certificates whether issued before or after the enactment of the statute." (l. c. 93 and 1070, respectively.)

Plaintiff makes no contention that the above is not the law of Kansas.

The record discloses payments of assessments on the certificate involved up to and including the month of February, 1935, and plaintiff admitted that the assessments for the months of March, 1935, and following were not paid. Carson E. Clark died June 10, 1935. That Clark's failure to pay his assessments forfeited his certificate on March 31, 1935, under defendant's existing constitution and by-laws, stands unquestioned by plaintiff, except that plaintiff contends defendant could not hold the $375 allegedly due and payable on October 1, 1926, the same being more than sufficient to pay the assessments accruing between March, 1935, and the date of Clark's death, and forfeit the certificate for nonpayment of assessments; and, Clark having performed as above set forth, that defendant was estopped from asserting the invalidity of the endowment provision of said certificate.

The pleadings sufficiently presented the issues. Trial was to the

court. The trial court concluded that the beneficiary certificate was a Missouri contract and the rights and liabilities of the parties were determinable under the laws of Missouri; that after the execution of the beneficiary certificate the rights and liabilities of the parties became vested and fixed beyond the power of defendant to alter by any act of its own, defendant's by-laws to the contrary notwithstanding; and that the beneficiary member having fully performed until his right to the $375 had matured, defendant could not retain the money of the member and plead *ultra vires,* or declare a forfeiture of rights under the beneficiary certificate for nonpayment of assessments without first applying said $375 to said purpose.

Defendant states the beneficiary certificate was a Missouri contract; but, stating defendant, as a Kansas corporation, may not possess and exercise in Missouri any right or power denied to it by the law of Kansas, contends, under the allegations of the defendant's answer pleading the Kansas law in defense to plaintiff's cause of action, that defendant is entitled to the protection of said law as announced in the Dey case, supra, under, among others invoked in said answer, Section 1 of Article 4 of the Constitution of the United States, providing "full faith and credit shall be given in each State to the public acts, records and judicial proceedings of every other State."

The principles involved were before Division One in Robertson v. The Security Benefit Association, 342 Mo. 284, 114 S. W. (2d) 1009, and Division Two in Rechow v. Bankers Life Co., 335 Mo. 668, 676, 73 S. W. (2d) 794, 797(2). The legal issues of the instant case and the Robertson case are identical, and a comparison of the records discloses that the two benefit certificates are identical in fact to the same extent (mentioned supra) as the certificates involved in the Dey and the instant cases. Defendant's contentions were sustained in the Robertson case, as they were sustained upon principle in the Rechow case; and in view of said decisions an extended discussion of said legal issues may properly be dispensed with.

The Robertson case reversed outright a judgment for Robertson for the amount due under the endowment provision of defendant's benefit certificate—the identical provision around which the controversy here is waged; because said endowment provision was held unenforceable under the decision of the Supreme Court of Kansas in the Dey case, supra, and under the rulings of the Supreme Court of the United States this court is bound to give full faith and credit under Section 1, Article 4, of the Constitution of the United States to the rulings in said Dey case and hold said endowment provision unenforceable. [Supreme Council of the Royal Arcanum v. Green, 237 U. S. 531, 541 et seq., 35 Sup. Ct. 724, 727 et seq., 59 L. Ed. 1089, 1100 et seq., L. R. A. 1916A, 771, 776 et seq., and Modern Woodmen of America v. Mixer, 267 U. S. 544, 551, 45 Sup. Ct. 389, 69 L. Ed. 783, 785, 41 A. L. R. 1384, 1396, among others, so rule.] Speaking

of the legal relationship existing between a mutual assurance society and its members Korn v. Mutual Assurance Society, 6 Cranch, 192, 201, 3 L. Ed. 195, 199, states: "Every member, in fact, stands in the peculiar situation of being party of both sides, insurer and insured;" and the instant issues extend beyond those ordinarily involved in an action *ex contractu*; for instance, actions on insurance policies wherein the policy within itself contains in express words all the legal contractual relationships involved; because the legal relationship between plaintiff and defendant embraces not only the benefit certificate but the correlative rights and obligations between defendant, as a corporate entity, and plaintiff as a member of said entity under the constitution, laws and charter of the corporation.

Mr. Justice HOLMES in Modern Woodmen of America v. Mixer, supra, succinctly stated reasons for the ruling as follows: "The indivisible unity between the members of a corporation of this kind [a fraternal beneficiary society] in respect of the fund from which their rights are to be enforced, and the consequence that their rights must be determined by a single law, is elaborated in Supreme Council, R. A. v. Green . . . [supra]. The act of becoming a member is something more than a contract—it is entering into a complex and abiding relation—and as marriage looks to domicile, membership looks to and must be governed by the law of the State granting the incorporation. We need not consider what other states may refuse to do, but we deem it established that they cannot attach to membership rights against the company that are refused by the law of the domicile." [And see Supreme Council, R. A. v. Green, supra; Hartford L. Ins. Co. v. Ibs, 237 U. S. 662, 670(3 et seq.), 35 Sup. Ct. 692, 695 (3 et seq.), L. R. A. 1916A, 765, 768(3 et seq.).]

Speaking to the effect of an order in a corporation bankruptcy proceeding upon stockholders of the corporation, Sanger v. Upton, 91 U. S. 56, 59, 23 L. Ed. 220, 222, states: "As a stockholder, she was an integral part of the corporation. In the view of the law, she was before the court in all the proceedings touching the body of which she was a member. . . . A different rule would be pregnant with mischief and confusion."

The United States Supreme Court in Hartford L. Ins. Co. v. Barber, 245 U. S. 146, 151, 38 Sup. Ct. 54, 55(4), 62 L. Ed. 208, 211, reversed the judgment of this court in Barber v. Hartford L. Ins. Co., 269 Mo. 21, 187 S. W. 867, for the stated reason this court failed to give full faith and credit to a Connecticut judgment holding, if a certificate holder failed to pay a mortuary assessment, the company could not pay the insurance in case of his death.

Authorities sustaining this position are reviewed in the Robertson and the Rechow cases. Consult annotations in L. R. A. 1916A, 770, and 41 A. L. R. 1386; and see Supreme Council, A. L. H. v. Green, 71 Md. 263, 266, 17 Atl. 1048, 1049, 17 Am. St. Rep. 527, 529; Larkin

v. Knights of Columbus, 188 Mass. 22, 24, 73 N. W. 850, 851; Wilson v. Woodmen of the World (Mont.), 64 Pac. (2d) 1064, 1069(8); Hollingsworth v. Supreme Council, R. A., 175 N. C. 615, 625 et seq., 96 S. E. 81, 86(3, 4), Ann. Cas. 1918E, 401, 406 et seq.; McClement v. Supreme Court, I. O. F., 222 N. Y. 470, 479, 119 N. E. 99, 101(5); Modern Woodmen of America v. Crudup, 175 Okla. 183, 51 Pac. (2d) 718(1); Wirtz v. Sovereign Camp, W. O. W., 114 Tex. 471, 268 S. W. 438, 440(9); Bockover v. Life Assn. of America, 77 Va. 85, 89; Supreme Council, C. B. L. v. Gallery, 278 Fed. 500, 502(3), certiorari denied, 258 U. S. 620, 42 Sup. Ct. 272, 66 L. Ed. 794; and Parker v. Parker, 82 Fed. (2d) 575, 576(1).

■ So, following the ruling in the Robertson case and the principle of law announced in Rechow v. Bankers Life Co., 335 Mo. 668, 671(1), 73 S. W. (2d) 794(1); and Barber v. Hartford Life Ins. Co., 269 Mo. 21, 34(II), 187 S. W. 867, 870(5), it appears the case involves "the construction of the Constitution of the United States" within the meaning of the Missouri constitutional provision (Mo. Const. Art. 6, Sec. 12) lodging jurisdiction of the review proceedings in this court; and plaintiff's (defendant in error's) motion to transfer to the Springfield Court of Appeals is overruled. In Esmar v. Haeussler, 341 Mo. 33, 106 S. W. (2d) 412(5, 6), the validity and applicability of the New York law was not questioned by the court. The pleaded judgment at most possessed no greater function than a precedent under the rule of *stare decisis*. It discharged no function under the rule of *res judicata*. [34 C. J. 1125, sec. 1602.]

■ That the controversy involves a fraternal beneficiary association and one of its members and that the defendant, by appropriate pleadings, invoked the protection of a judgment effective under the full faith and credit clause of the Federal Constitution distinguishes the instant case from the cases relied upon by plaintiff for the construction of the beneficiary certificate according to the law of Missouri. Plaintiff's contentions founded upon the Missouri law that the endowment provision of the beneficiary certificate is enforceable contravene the decisions of the United States Supreme Court on the faith and credit to be accorded the rulings quoted supra from the Dey case. Consult the Robertson case, supra, for a discussion in greater detail.

Plaintiff, asserting the benefit certificate had a fixed rate, argues defendant is subject to the general insurance laws of the State and the certificate should be treated as an "old line" insurance policy; citing Wilhelm v. Security Benefit Assn. (Mo. App.), 104 S. W. (2d) 1042, 1044(3), among others. The record and opinion of the Kansas City Court of Appeals in said case was quashed in State ex rel. v. Shain, 342 Mo. 199, 114 S. W. (2d) 965, April 1, 1938, discussing in the next to the last paragraph other cases cited by plaintiff. The Dey case, supra, specifically holds the certificate subject to ". . .

after-enacted laws changing the rates and benefits · . . .;'' and, as stated on a somewhat similar issue in the Robertson case, supra, the cases relied on by plaintiff do not ''help us in solving the constitutional question involving the full faith and credit clause of the Federal Constitution.''

Plaintiff says defendant may not rely on *ultra vires*. The holding is that the endowment provision of the benefit certificate was rendered ineffective by the after-enacted by-laws of defendant and the statutes of the State of Kansas. The defense of *ultra vires* is not involved (Dey case, 94 and 1070, respectively). The Robertson case, supra, also shows plaintiff's contention not to be well taken.

The pleaded and submitted issues appear to cover all facts disclosed by the record before us.

The judgment is reversed.

PER CURIAM: The foregoing opinion by BOHLING, C., in Division Two, is adopted as the opinion of the Court en Banc. All the judges concur.