WILLSON REECE v. THE SECURITY BENEFIT ASSOCIATION, a Corporation, Appellant.—124 S. W. (2d) 1146.

Division One, February 8, 1939.

30

*A. W. Fulton, Harry L. Ladbury, Leo H. Johnson, Edward E. Naber, Lamm & Barnett* and *Michaels, Blackmar, Newkirk, Eager & Swanson* for appellant.

*John R. James* for respondent; *Barnett, Seddon & James* of counsel.

FERGUSON, C.—This is an action by a member of a fraternal beneficiary association, on a beneficiary certificate of insurance, for what is termed old-age benefits or endowment. Upon a trial of the cause in the Circuit Court of Jackson County, plaintiff had judgment for $1749.88. Defendant's appeal went to the Kansas City Court of Appeals where the judgment of the circuit court was affirmed; however, SHAIN, P. J., dissented, in a separate opinion, and deeming the majority opinion to be contrary to previous decisions of this court and the Springfield Court of Appeals caused the appeal herein to be certified and transferred to this court. [Reece v. The Security Benefit Association (Mo. App.), 114 S. W. (2d) 207.] We "rehear and determine" the cause "as in case of jurisdiction obtained by ordinary appellate process." [Sec. 6, Amendment of 1884, Constitution.]

We shall refer to the parties as plaintiff and defendant. Defendant was organized, in 1892, as The Knights and Ladies of Security, under a provision of the general corporation laws of the State of Kansas authorizing the incorporation of non-profit, benevolent associations or societies, without capital stock, for the purposes stated in defendant's charter as follows: "to unite both sexes in one Grand Fraternal Association for the promotion of benevolence, charity, social culture, mental improvement, education, care for the sick and needy, to aid one another in business, to induce the general elevation of morals of society and to provide a beneficiary fund payable at death as the insured may direct a sum ranging from $500 to $3000, or part in case of physical disability or total or partial disability as provided by the constitution of this National Council." The defendant association has since existed and operated as a fraternal beneficiary association, having a lodge system, a ritualistic form of work, and a representative form of government. It has no capital stock, and transacts its affairs without profit and solely for the mutual benefit of its members and their beneficiaries. It issues certificates to its members providing for the payment of death and disability benefits, and assessments are levied upon the members to meet the claims arising from death and disability. Its charter, constitution and by-laws constitute the laws of the association. The representative legislative body of the association, known as the "National Council," is, and at all times has been, empowered to enact, amend, or repeal, by-laws, and, by vote of two-thirds of the members thereof, to amend the constitution. The name

of the association was changed in 1919 to The Security Benefit Association, the defendant named herein.

At the time of the incorporation (1892) the State of Kansas had no statute regulating or governing the insurance features of such societies or associations and it was not until 1899 that such a statute was enacted in that State. From 1889 to 1897 there was no statute of this State regulating the operation of foreign fraternal beneficiary associations as such and exempting certificates issued by them from the provisions of the general insurance laws of this State. But in 1897 (Laws 1897, pp. 132-137) a statute was enacted which applied alike to domestic and foreign fraternal beneficiary societies, and upon compliance therewith foreign beneficiary associations were authorized to operate in this State and exempted from the operation of the general insurance laws. Prior to the enactment of the statutes mentioned the defendant association had organized local subordinate lodges in Missouri, and many other states, and had issued beneficiary certificates to the members thereof. The by-laws set out the form of the beneficiary certificate. The certificate promised payment of death benefits, limited disability benefits, and a benefit upon attainment of a specified age, which originally varied slightly according to age at entry. Actual physical disability was not made a condition to the payment of this benefit. It was payable on the basis of age alone, that is upon attainment of the age therein specified, and was solely an old-age or endowment benefit. All beneficiary certificates issued contained the endowment provision.

In 1897 a local lodge of the Knights and Ladies of Security was organized at Amsterdam, Missouri, and the plaintiff became a member thereof. The application, in the form prescribed by the laws of the association, contained the proviso: "I agree, if accepted by said Society as a member, to faithfully abide by all its laws, rules and regulations." The beneficiary certificate issued to plaintiff, Reece, conformed to the form of certificate specified in the 1896 by-laws. It was issued, at the home office of the association in Kansas, under date of June 7, 1897, and sent to the local lodge. It was countersigned by the officers of the local lodge and accepted by Reece on June 30, 1897. The certificate provided for the payment at his death of $1000 to plaintiff's wife and the payment to plaintiff of certain limited physical disability benefits. In addition it contained the endowment provision which is the basis of this action viz.: "if the said member shall hold valid this Beneficiary certificate, and live to the age of seventy years, he shall be entitled to receive from the Beneficiary Fund ten per cent of the amount of said Beneficiary Certificate annually, on the anniversary of the date of said certificate, until the face of the certificate has been paid, . . ." The certificate, as required by the by-laws, contained the further proviso: "This certificate is issued upon the express condition that the said member

shall, in every particular, while a member of the Order, comply with all the laws, rules and requirements thereof . . .''

The Missouri statute, mentioned supra (which went into effect June 20, 1897), provided that ''all associations,'' such as defendant, ''organized under the laws of this or any other State, . . . and now doing business in this State may continue such business, provided that they hereafter comply with the provisions of this act,'' etc. The testimony is, that ''as soon as'' the Missouri statute ''was adopted'' defendant ''made application for a license'' to operate in this State as a fraternal beneficiary association, filing with the Superintendent of Insurance copies of its charter, constitution, laws (which included form of certificate), power of attorney to the superintendent to accept service, etc., as required by the statute, and, under date of August 20, 1897, all such matters having been approved by the Superintendent of Insurance, a license was issued and defendant has continuously since been licensed to do business in this State as a fraternal beneficiary association. The 1897 Missouri statute ''regulating fraternal beneficiary societies, orders or associations'' applied to both domestic associations and foreign associations doing business in this State as fraternal beneficiary associations, and provided: ''Each association . . . shall make provision for the payment of benefits in case of death, and may make provision for the payment of benefits in case of sickness, temporary or permanent physical disability, either as the result of disease, accident or old-age, provided the period in life at which payment of physical disability benefits on account of old-age commences shall not be under seventy years. . . .''

It will again be noted that certificates issued by defendant provided for the payment of old-age benefits upon attainment of a certain age without regard to any actual physical disability, that is, such payments were not conditioned upon physical disability. Apparently the Superintendent of Insurance was, at first, of the opinion that the statute authorized the certificates providing for the payment of old-age benefits upon attainment of a certain age regardless of physical disability, as associations issuing that form of certificate were approved and granted a license. Shortly a question seems to have arisen as to the right of such associations to stipulate for the payment of benefits in the nature of an endowment. The Fraternal Union of America, a fraternal beneficiary association, organized under the laws of the State of Colorado, had been doing business in Missouri, through its lodge system, since March 1, 1896. By its constitution and laws the association provided, in addition to death and certain physical disability benefits, for an endowment benefit, payable to a member when he arrived at a certain age, whether or not he was physically disabled. On or about November 1, 1897, after the effective date of the Missouri statute, supra, the association made application

to the Missouri Superintendent of Insurance for a license to do business in this State. The superintendent refused the application "because the said association . . . issues paid-up endowment certificates of insurance to its members" which it cannot legally do "under the laws of this State governing fraternal beneficiary associations." Whereupon the Supreme Lodge of the association applied to this court for a writ of mandamus against the superintendent asking that he be required to issue a license authorizing it to do business in this State as a fraternal beneficiary association. Discussing the alleged endowment feature of the certificates this court said: "Under relator's constitution, the question of disability from old age seems to be of no consequence, as the time fixed for the payment . . . is arbitrarily fixed with reference to the age of the assured, and comes clearly within the definition of endowment insurance." It was held that by reason of such endowment provision relator did not come within the provisions of the act and was not entitled to have a license to do business thereunder in this State as a fraternal beneficiary association. [State ex rel. Supreme Lodge of The Fraternal Union of America v. Orear, 144 Mo. 157, 45 S. W. 1081.]

The Orear case was decided in May, 1898. Defendant's National Council, its supreme, representative, legislative body, convened in June, 1898. We have heretofore noted the power of the National Council to enact, amend or repeal by-laws and to amend the constitution of the association and that all certificates were subject to the constitution and by-laws. At this 1898 meeting the National Council eliminated the endowment feature of its certificates by repealing all the laws of the association relating thereto and providing for the payment of benefits, and enacted new laws in lieu thereof. The new laws, in addition to death benefits, provided for the payment of benefits conditioned upon physical disability and not as theretofore provided, by the laws which were repealed, solely upon attainment of a fixed age. Thereby the association brought its provisions for the payment of benefits into conformity with the terms of the Missouri statute; see portion thereof quoted supra. The new by-laws provided, among other things, that, "whenever a beneficiary member shall hold valid his beneficiary certificate until he shall reach the age of seventy years and becomes physically disabled, such member, upon proof of such age and disability, shall be entitled to receive from the beneficiary fund ten per cent of the amount of his beneficiary certificate annually while such disability continues," etc.

The Legislature of the State of Kansas (State of defendant's domicile), in a special session (December 21, 1898-January 9, 1899), enacted a statute (act of January 6, 1899) "providing for the organization and regulation of fraternal beneficiary societies, orders, and associations. . . ." [Laws of Kansas, Sp. Session, 1898, p. 60.] The act was similar in effect to the 1897 Missouri statute, and in re-

spect to provisions pertinent here identical therewith. The act provided that fraternal beneficiary societies then "doing business" in Kansas could continue provided "their plan of organization is in keeping with" the requirements of the act; and such society or association was authorized to provide for the payment of benefits (and thereto limited) as follows: "Each association . . . shall make provision for the payment of benefits in case of death, and may make provision for the payment of benefits in case of sickness, temporary or permanent disability, either as the result of disease, accident, or old age; provided, the period in life at which payment of physical disability benefits on account of old age commences shall not be under seventy years. . . ." It will be noted that the proviso is identical with that of the 1897 Missouri Act, and that defendant's 1898 revision of its laws relating to the payment of old-age benefits, whereby such payments were limited to and conditioned upon actual physical disability after the age of seventy years, conformed thereto.

In 1915 the Kansas Supreme Court in Kirk v. Fraternal Aid Association, 95 Kan. 707, 149 Pac. 400, held, in effect, that the limitations of the 1899 Kansas statute, applied to beneficiary certificates issued by a fraternal beneficiary association prior to the enactment of the statute and prior to the amendment by an association of its by-laws in relation to payment of old-age benefits. In 1923, in Dey v. Knights and Ladies of Security (the defendant in the instant case), 113 Kan. 86, 213 Pac. 1066, the Supreme Court of Kansas had occasion to consider and rule the effect of the 1898 revision of its laws by this defendant, and of the 1899 Kansas statute, upon certificates issued by the defendant herein prior to such revision and the enactment of the Kansas statute, which certificates contained a provision for the payment of benefits upon the attainment of a fixed age regardless of physical disability. Dey became a member of the defendant association in 1895. His certificate, issued under the laws of the defendant association then in force, provided for the payment of $3000 to his beneficiaries upon his death and $900 to him if he lived to be sixty-nine years of age, to be credited upon the death benefit. We have noted that in the 1898 revision the laws of the association relative to the payment of benefits were repealed and that the new by-law relating to old-age benefits provided that when a member reached the age of seventy years and become physically disabled he should receive ten per cent of the amount of his certificate annually, while such disability continue, which conformed to the requirements of the 1899 Kansas statute. Dey became sixty-nine on February 12, 1919, and thereupon made demand on defendant for the payment of $900, as specified in his certificate, which was refused on the grounds; (1) that due to the change made in the by-laws in the revision of 1898, he was not entitled to receive $900 upon attainment of the age of sixty-nine but upon becoming seventy years of age and being physically disabled he would

be entitled to ten per cent of the amount of his certificate ($300) annually so long as the physical disability continued; (2) that by the Kansas statute of 1899 an association such as defendant was "forbidden to pay benefits" to its members "except in case of sickness or disability." Dey brought suit for $900, under the endowment provision of his certificate, and obtained judgment therefor in the trial court. The Supreme Court of Kansas reversed the judgment and remanded the cause with directions to enter judgment for the defendant. The trial court had held that neither the subsequent change in defendant's by-laws (1898) nor the subsequently enacted statute (1899) operated "to relieve the defendant of its legal obligations to pay according to the terms" of the beneficiary certificate issued to Dey, in 1895, when he became a member of the association. However, the Supreme Court of Kansas held; (1) that a fraternal beneficiary society has the power to change rates to be paid and the benefits to accrue, as they are defined at the time the certificate is issued, and that plaintiff Dey was bound by the after enacted laws of the association changing rates and benefits; and (2) that the provisions of the statute of 1899, "which expressly prohibit disability benefits (on account of old-age) under the age of 70 and . . . limit them to cases of actual disability, . . . apply to all certificates whether issued before or after the enactment of the statute." The Kirk case, supra, is cited and quoted with approval. The Dey case is fully discussed, and excerpts therefrom are set out, in two decisions of this court to which we now refer; Clark v. Security Benefit Assn., 343 Mo. 263, 121 S. W. (2d) 148, and Robertson v. Security Benefit Assn., 342 Mo. 284, 114 S. W. (2d) 1009.

The facts in the Robertson case are, that Robertson became a member of one of the Missouri lodges of the Knights and Ladies of Security (the insurer and defendant herein) in 1893. The Robertson beneficiary certificate provided for the payment of a stipulated amount upon attainment of a designated age regardless of any physical disability. Robertson arrived at the age specified in his certificate in 1934 and thereupon demanded payment of such endowment benefit. Payment was refused and he brought suit and had judgment in the Circuit Court of Pettis County. The facts in the Clark case are similar. In 1896 Clark became a member of a lodge of the Knights and Ladies of Security (the insurer and defendant herein) at Neosho, Missouri. As in the Robertson case, the beneficiary certificate provided for the payment of a fixed amount, upon attainment of the age therein specified. After the time, when according to the original provision of the by-laws and the certificate issued in conformity therewith, the endowment benefit became payable, suit was brought thereon in the Circuit Court of Newton County resulting in a judgment against the association. The two cases (Robertson and Clark) have these further factors in common; the membership was in one of

defendant's Missouri lodges and the beneficiary certificate, issued at the defendant's home office at Topeka, Kansas, was sent to the local lodge in Missouri, where it was countersigned by the proper officers of the local lodge, and delivered to the member; though defendant invoked the judgment of the Supreme Court of Kansas in the Dey case as governing the rights of the member, and as applicable under the full faith and credit clause of the Federal Constitution, the trial court refused to give effect thereto and held the endowment provision of the certificate enforceable under the general insurance laws of Missouri; and the association's appeal was heard by this court and the judgment of the trial court was reversed. In both cases this court gave effect to the ruling of the United States Supreme Court, in Supreme Council of Royal Arcanum v. Green, 237 U. S. 531, and Modern Woodmen of America v. Mixer, 267 U. S. 544. In the Mixer case it is said: ''The act of becoming a member (of a fraternal beneficiary association) is something more than a contract, it is entering into a complex and abiding relation, and as marriage looks to domicil, membership looks to and must be governed by the law of the State granting the incorporation. We need not consider what other states may refuse to do, but we deem it established that they cannot attach to membership rights against'' the association or society ''that are refused by the law of the domicil.'' The legal relationship existing between a fraternal beneficiary society and its members and the ''indivisible unity between'' the members thereof, is discussed and ruled by the United States Supreme Court in the Green and Mixer cases and in the more recent case of The Sovereign Camp of the Woodmen of the World v. Bolin, 59 Sup. Ct. 35, and it is pointed out that the rights of members of such an association or society have their source in its constitution and by-laws and can only be determined by resort thereto, and that ''its constitution and by-laws must necessarily be construed by the law of the State of incorporation,'' that is, that such rights ''must'' of necessity ''be determined by a single law,'' and that the judgment of the Supreme Court of the State wherein such association is incorporated construing the validity and effect of its constitution and by-laws and defining the rights of its members thereunder must be given effect by the courts of another state under the full faith and credit clause of the Federal Constitution, Article 4, Section 1. In reversing the judgment of the trial court in the Robertson and Clark cases this court held that, the defendant being a fraternal, beneficiary association, incorporated under the laws of the State of Kansas, we are, ''under the rulings by the Supreme Court of the United States . . . bound to give full faith and credit'' to the decision of the Supreme Court of Kansas in the Dey case, whereby that court determined the effect of the 1898 revision of the laws of the association, and the 1899 Kansas statute, upon the endowment provision, which had theretofore been authorized by the laws of the

association, and held that thereby such provision was rendered "void" and "unenforceable."

As we have noted, supra, in 1897 plaintiff in the present case became a member of one of defendant's Missouri lodges and was issued the membership certificate, heretofore described, containing an endowment provision in accordance with the then existing laws of the order. He attained the age of seventy years, specified by the endowment provision of the certificate, in 1922 and demanded payment in conformity with the terms thereof which was refused. Under the terms of the endowment provision he was entitled to receive $100 yearly, the last installment of which would have been payable in 1931. Thereafter he brought this action in the Circuit Court of Jackson County and asked, and obtained, judgment for each of the yearly $100 payments, with interest thereon from the alleged date of maturity. It will be noted that the action was not under the old-age disability provision of the new by-laws enacted in the 1898 revision of the laws of the association, which conformed to the requirements of both the Kansas and Missouri statutes, and, which provided for the payment of 10 per cent of the amount of the beneficiary certificate annually if the member "shall reach the age of seventy years and becomes physically disabled." Plaintiff does not claim physical disability or assert any right under that provision of the 1898 by-laws but seeks payment solely upon the terms of the endowment provision of the certificate issued to him in 1897 under the then existing by-laws (repealed in 1898) authorizing such payments upon attainment of a fixed age without regard to any physical disability. The defendant invoked the same defense herein which it made in the Robertson and Clark cases, that is, that under the full faith and credit clause of the Federal Constitution the judgment of the Supreme Court of Kansas in the Dey case, holding that by virtue of the repeal of the laws of the association and the enactment of new by-laws in 1898 and the enactment of the Kansas statute of 1899 the endowment provision was rendered void and unenforceable, was controlling.

We have heretofore set out the facts of the instant case, in detail, as demonstrating; that the same purely endowment provision, which was the basis of the action in the Dey case decided by the Supreme Court of Kansas and the Robertson and Clark cases in this court, is involved; that the certificate sued on in this case and the certificates sued on in the Dey, Robertson and Clark cases were issued by the same fraternal beneficiary association, the defendant in each of said cases, under the laws of the association existing prior to the revision thereof and the enactment by it of new by-laws in 1898 and the enactment of the Kansas statute in 1899; and that the legal issues in the instant case are identical with those decided by this court in the Robertson and Clark cases.

It follows, therefore, that the Robertson and Clark cases rule the present case and that the trial court erred in refusing defendant's instruction, herein, in the nature of a demurrer to the evidence, offered at the conclusion of the evidence in the case. The judgment must be reversed, and it is so ordered. *Hyde* and *Bradley, CC.*, concur.

PER CURIAM:—The foregoing opinion by FERGUSON, C., is adopted as the opinion of the court. All the judges concur.