The question for decision in this case is whether full faith and credit was given to the public acts, records and judicial proceedings of the State of Nebraska as required by Article IV, Section 1 of the Constitution of the United States.
[1] After a judgment for defendant in the circuit court, plaintiff appealed to the Kansas City Court of Appeals which reversed the judgment and remanded the cause with directions to enter a new judgment as prayed in plaintiff's petition. [Baker v. Sovereign Camp, W.O.W. (Mo. App.), 116 S.W.2d 513.] One of the judges of the appellate court dissented on the ground that the majority opinion conflicts with Robertson v. Security Benefit Assn., 342 Mo. 284, 114 S.W.2d 1009, and with other cases and caused the appeal to be certified to this court. We determine this case as if it had been directly appealed to this court. [Const. of Mo. as Amended 1884, Art. 6, Sec. 6.]
[2] This is an action to recover the benefits provided in a certificate issued on December 23, 1896, by respondent, a fraternal beneficiary association, to W.C. Baker, husband of the beneficiary. The insured *Page 234 
paid all assessments up to and through the month of October, 1931. Thereafter he made no further payments. Under the laws of respondent he became automatically suspended on December 31, 1931, for nonpayment and remained so until his death on August 31, 1932.
The certificate specifically provided that it was issued subject to all the conditions printed thereon and to all conditions named in the constitution and laws of the society. On its margin was stamped "Payments to cease after 30 years." Section 82 of the Laws adopted by the society in 1895 stipulated that when the certificate of a member who had joined the society, as did Baker, between the ages of 16 and 33, had been in force and binding for 30 years, the insured should not longer be liable for any dues or assessments and at the expiration of said period the society would issue a free life membership certificate. In addition to the death benefits plaintiff also sued for the amount of the premiums paid after December 23, 1926, the date on which the certificate had been in force for a period of 30 years.
The respondent's answer alleged that because of the default in the payment of assessments the certificate became void prior to Baker's death; that the contract between Baker and the society consisted of the certificate, the application therefor and the laws of the society in force on December 23, 1896, and the laws thereafter adopted; that the provision of the certificate for free life membership after payments for 30 years was void because first, the law of the society creating it was repealed in 1899; and second, the Supreme Court of Nebraska had declared that such law was ultra vires the society in a class suit in Trapp v. Sovereign Camp, W.O.W., 102 Neb. 562, 168 N.W. 191; that under Article IV, Section 1 of the Constitution of the United States, full faith and credit must be given by the courts of Missouri to this decision of the Supreme Court of Nebraska. This contention must be sustained.
The same issues for determination in this case were determined by the United States Supreme Court in the case of Sovereign Camp of the Woodmen of the World v. Bolin, 305 U.S. 66, 59 Sup. Ct. 35, 83 L.Ed. 58, decided November 7, 1938.
In that case judgment against this same defendant was obtained on a certificate issued to Pleasant Bolin in 1896. The Kansas City Court of Appeals by its judgment affirmed the action of the trial court. [Bolin et al., v. Sovereign Camp, W.O.W. (Mo. App.), 112 S.W.2d 582.] The United States Supreme Court granted certiorari to the Court of Appeals on the claim, which it later sustained, that such judgment denied full faith and credit to the public acts, records and judicial proceedings of the State of Nebraska. It found that the Trapp case was a class suit "in which it was determined that the petitioner (W.O.W.) lacked the power, under the law of Nebraska, to issue such certificates." It further held that "in such a suit the association represents all its members and stands in judgment for *Page 235 
them, and even though the suit had a different object than the instant one, it is conclusive upon all the members of the association with respect to all rights, questions or facts therein determined."
In the Bolin case, as in the instant one, stress was laid on the fact that the certificate was issued during the hiatus in the Missouri Fraternal Insurance Law, which existed between 1889 and 1897 when there was not in force any law relating to foreign fraternal societies but laws relating only to domestic ones. Foreign associations were not forbidden from doing business in the State but their certificates issued in that interim were held by our courts to be subject to the general insurance laws. In discussing that fact the United States Supreme Court found that our courts had not been called on to apply this rule of decision to the question of the power of a fraternal society, under the law of the State of its incorporation, to write a particular sort of beneficiary certificate. It said: "the decision (of the court below) that the principle of ultra vires contracts was to be applied as if the petitioner were a Missouri old line life insurance company was erroneous in the light of the decisions of this court which have uniformly held that the rights of members of such associations are governed by the definition of the society's powers by the courts of its domicile."
In the case of Reece v. The Security Benefit Assn., 344 Mo. 29,124 S.W.2d 1146, the fraternal beneficiary certificate sued on was issued during the same hiatus above mentioned. The certificate contained an endowment provision which was the kernel of contention. Previously, in two cases against the same association, Robertson v. Security Benefit Assn., 342 Mo. 284,114 S.W.2d 1009, and Clark v. Security Benefit Assn.,343 Mo. 263, 121 S.W.2d 148, we had ruled that we were bound to give full faith and credit to a decision of the Supreme Court of Kansas, the domicile of the association, which held, in effect, that the endowment provision in all such certificates had been legally cancelled.
These cases presented the same questions as the Reece case except the one pertaining to the issuance of the certificate during such hiatus. Since this latter point had been settled by the United States Supreme Court in the Bolin case, we held that these two cases ruled the Reece case.
It follows that the judgment of the trial court in favor of defendant should be affirmed. It is so ordered. All concur. *Page 236