HANNAH F. ACHTENBERG v. SOVEREIGN CAMP OF THE WOODMEN OF THE WORLD, Appellant.—144 S. W. (2d) 73.

Division One, October 31, 1940.

928

*Rainey T. Wells* and *Harding, Murphy & Tucker* for appellants.

*Achtenberg & Achtenberg* for respondent.

BRADLEY, C.—The petition in this cause was in two counts. The first was to recover on a beneficiary certificate or policy for $1,000, plus $100 for monument. Plaintiff is the widow of the insured and is the named beneficiary in the policy. There was a provision in the policy that it would be paid up in 25 years, and the second count was to recover back monthly assessments ($1.38 each) paid subsequent to September 16, 1922, the expiration date of the 25 years. The claim based on the second count was set off to plaintiff by order of the probate court. A jury was waived and the trial court found for plaintiff on both counts, and appeal was taken to the Kansas City Court of Appeals. Plaintiff filed in the Court of Appeals a full *remittitur* as to the judgment on count No. 2, and that count passed out of the case.

On motion of defendant the Court of Appeals made an order transferring the cause to this court on the theory that the construction of the full faith and credit clause of the Federal Constitution, Sec. 1, Art. 4, is involved.

Plaintiff contended that the construction of the Federal Constitution is not involved, and that jurisdiction of the appeal was in the Court of Appeals and resisted defendant's motion to transfer. It is our duty to determine jurisdiction, when the question occurs, whether raised or not by the parties. [Perkins v. Burks et al. (Mo.), 61 S. W. (2d) 756-7, and cases there cited.]

The policy was issued September 16, 1897, to Abraham D. Achtenberg, who was a member of a lodge or camp of defendant in St. Joseph, Missouri, and the policy was there applied for and there delivered. It was payable upon the death of the insured, but there was stamped upon its face, "payments to cease after 25 years." The paid up provision was by authority of a by-law of defendant adopted in 1895, and as amended in March, 1897, provided, among other things, that thereafter one, over 30 and under 40 years old, joining the defendant order, would, if he paid his dues, have his policy paid up at the end of 25 years from date of issue. Such by-law was held, by the Supreme Court of defendant's domicil State (Nebraska) to be *ultra*

*vires* and void. [Trapp et al. v. Sov. Camp, W. O. W., 102 Neb. 562, 168 N. W. 191.] Had there been no *remittitur* as to the judgment based on count No. 2, there would be no question but that jurisdiction of the appeal would be in this court (Sov. Camp, W. O. W., v. Bolin, 305 U. S. 66, 59 Sup. Ct. 35, 83 L. Ed. 45, 119 A. L. R. 478; Bolin v. Sov. Camp, W. O. W., 344 Mo. 714, 127 S. W. (2d) 718; McDaniel et al. v. Sov. Camp, W. O. W. (Mo.), 139 S. W. (2d) 993, l. c. 994, and cases there cited), but has this court jurisdiction of the appeal from the judgment on count No. 1?

On its face, the present policy provided for the payment to the beneficiary, upon insured's death, of $1,000 and further provided for the payment of $100 for the placing of a monument at his grave. Insured died February 16, 1937, and was, at the time of his death, in good standing in defendant order. Proofs of death were duly made, and demand made for the face amount of the policy, plus the $100 for monument. Defendant refused to pay as demanded, but offered (did not tender) to pay $519.24, and the offer was refused.

When the policy was issued the rate thereon was 75 cents per month. Thereafter, the monthly rate was increased from time to time until it was $1.38 in 1919. Effective December 31, 1919, Sec. 60 of defendant's amended by-laws provided for a rate based upon the attained age of its members on January 1, 1920. On that date, insured's age was 62, and, under the new rate, his assessment for all benefits under his policy was $61.54 annually, or $5.33 monthly. However, in Sec. 60, there was a provision whereby a member could continue to pay his then rate, and, if he so continued, he relinquished his right to old age disability benefits and the monument feature. And, in addition to these relinquishments, there was deducted from the face amount of the policy, such an amount as would "meet and discharge the deficiency created by continuing to pay" the then rate. And it was further provided in Sec. 60 that the amount deducted from the face of the policy should be a lien thereon as of December 31, 1919, and this lien was to bear interest at 4% annually, and if the interest was not paid, then the lien increased at 5% compounded annually. The insured continued to pay his then rate of $1.38 per month, and his policy, thereafter, was considered by defendant as not providing for old age disability and monument benefits, and a lien of $220 was placed against it. The insured did not pay the interest on the lien, and at the time of his death, the amount due under the policy was $519.24, the amount offered, provided Sec. 60 is applicable to the policy.

Section 60, effective December 31, 1919, as stated, provided that "every member admitted prior to January 1, 1920, in good standing, holding a *combined benefit certificate* (italics ours) may elect to continue" to pay his then rate, etc. The section goes on to provide as to the lien and the relinquishments, supra. Combined benefit cer-

tificates came into existence by the revised by-laws of 1919. Prior to that revision, there was no reference in any certificate or by-law to such certificates. Under such certificates, a member, if in good standing at time of his death, was entitled to a death and monument benefit, or if the condition arose during life, he was entitled to an annual old age disability benefit of one-tenth of the face of the policy after reaching 70, if totally and permanently disabled.

While there was no mention or reference in the policy to old age benefits, it was provided in the policy that it 'was subject to the by-laws of defendant then existing or subsequently adopted, and defendant contends that insured's policy was, therefore, a *combined benefit certificate,* and subject to the provisions of Sec. 60, while plaintiff contends that the policy is not a *combined benefit certificate* and that Sec. 60 is not applicable to it. In other words, plaintiff says that the only question is whether Sec. 60 is applicable, and that such question could not and does not involve the validity of Sec. 60, and that therefore, there is no question on the full faith and credit clause of the Federal Constitution, and that jurisdiction of the appeal is in the Court of Appeals.

Fowler et al. v. Sov. Camp, W. O. W., 106 Neb. 192, 183 N. W. 550, was a class suit, in which the Supreme Court of Nebraska held that Sec. 60, of defendant's by-laws was valid, and if the trial court's judgment, in the present case, on count No. 1, was on the theory that Sec. 60 was not effective in this State, then full faith and credit would be denied to the Nebraska decision in the Fowler case and jurisdiction of this appeal would be here for the same reason as given in Sov. Camp, W. O. W., v. Bolin, 305 U. S. 66, supra. [See also Rechow v. Bankers' Life Co., 335 Mo. 668, 73 S. W. (2d) 794; Robertson v. Security Benefit Assn., 342 Mo. 284, 114 S. W. (2d) 1009; Reece v. Security Benefit Assn., 344 Mo. 29, 124 S. W. (2d) 1146; Baker v. Sov. Camp, W. O. W., 344 Mo. 230, 125 S. W. (2d) 849; Clark v. Security Benefit Assn., 343 Mo. 263, 121 S. W. (2d) 148.]

Plaintiff is not overly explicit as to why Sec. 60 is not applicable, but says in the brief that the Kansas City Court of Appeals, in Neff v. Sov. Camp, W. O. W., 226 Mo. App. 899, 48 S. W. (2d) 564, and in Baker v. Sov. Camp, W. O. W., 233 Mo. App. 13, 116 S. W. (2d) 513, "held certificates identical (with the present certificate) except as to dates, names, and amounts, with the instant certificate, not to be combined benefit certificates, and not subject to the provisions of Sec. 60." And then it is stated in the brief that plaintiff "is aware that the Baker case (judgment) has been reversed," but it is stated that "the reversal was not made upon this issue," that is, as we understand, on the question as to whether Sec. 60 is applicable to a policy like the present one.

There is no course of reasoning by which the conclusion can be reached that Sec. 60 is not applicable to the present policy, except

the course, or a similar one, followed in the Neff and Baker cases in the Court of Appeals, and the course there followed was to the effect that Sec. was not *effective* in this State as to policies like the one at bar, and which course as held in the Baker case in this court (344 Mo. 230, 125 S. W. (2d) 849) denied full faith and credit to the decision by the Supreme Court of Nebraska in the Fowler case, supra.

We think that jurisdiction of the appeal in the present case is in this court.

There is no occasion to enter upon an extended consideration of the merits. •The field has been repeatedly covered, and it is now definitely settled that there can be no recovery, under the facts here, for more than defendant offered to pay. [Sov. Camp, W. O. W., v. Bolin, 305 U. S. 66, 59 Sup. Ct. 35, 83 L. E. 45, 119 A. L. R. 478; Bolin v. Sov. Camp, W. O. W., 344 Mo. 714, 127 S. W. (2d) 718; Baker v. Sov. Camp, W. O. W., 344 Mo. 230, 125 S. W. (2d) 849; Robertson v. Security Benefit Assn., 342 Mo. 284, 114 S. W. (2d) 1009; Reece v. Security Benefit Assn., 344 Mo. 29, 124 S. W. (2d) 1146.] The judgment on the first count of the petition should be reversed and the cause remanded with direction to enter judgment, on such count, for plaintiff for $519.24, with interest at 6% thereon from March 22, 1937, date of proofs of death, and it is so ordered. *Hyde* and *Dalton, CC.,* concur.

PER CURIAM:—The foregoing opinion by Bradley, C., is adopted as the opinion of the court. All the judges concur.